STATE v. W. O. LASSLEY, Appellant.—No. 38414.—174 S. W. (2d) 795.

Division Two, November 1, 1943.

Joe C. Crain, Omer E. Brown and Gordon J. Massey for appellant.

*Roy McKittrick*, Attorney General, *Covell R. Hewitt* and *Flay E. Randle*, Assistant Attorneys General, for respondent.

LEEDY, P. J.—Defendant was convicted of bribery, and he appeals from the judgment sentencing him, in accordance with the verdict, to imprisonment in the penitentiary for a term of two years.

The disposition to be made of the case renders it unnecessary to state the facts at length. Defendant was a member of the Board of Education of Petelo Rural School District No. 31 of Christian County. The charge grew out of the employment of Mae Marie Risley, the prosecuting witness, as teacher for the year 1941-42. She graduated from the school in question in May, 1940, and applied for a teaching position therein for the ensuing school year, but was unsuccessful. In the spring of 1941, she applied again, contacted defendant, and sought his support. It appears that she was elected to the position in April, 1941, by unanimous vote of the three-member board of which defendant was President. The state's evidence warranted the finding that she paid defendant the sum of $110.00 as a bribe for procuring the place for her.

The errors assigned on this appeal complain of: (1) The overruling of defendant's motion to quash the panel of jurors; (2) the opening statement on the part of the prosecution; (3) the admission of testimony; (4) the refusal to direct a verdict at the close of the state's case; and (5) the propriety of the state's instructions numbered I and III.

The information, which is based squarely on the second subdivision of Sec. 4326 Mo. R. S. A.,[1] after making certain formal allegations,

---

[1]"Every officer who shall, directly or indirectly, accept or receive of another any sum of money or other valuable consideration, gratuity or reward, or any promise or security thereof: First, *upon any agreement to give or procure* by his act, interest or influence, or other means, any appointment, office or place of trust. or any preferment or emolument, or to aid or assist in procuring the same for another person; or, second, *in consideration of* any office or appointment, place or preferment, or emolument, or *any act, interest or influence, aid or assistance,* by any means, *in procuring* or attempting to procure any such appointment, office, place of trust, preferment or emolument. shall, on conviction, be adjudged guilty of bribery, and punished as prescribed in the next preceding section." [Sec. 4326 Mo. R. S. A.]

including that of defendant's official position, charged that, on or about April 1, 1941, while exercising the duties of said office, he "did then and there willfully, Designedly, Corruptly, unlawfully, and Feloneously, Accept and receive a sum of Money, to-wit: one hundred and ten dollars from one Mae Marie Risley *in consideration for the acts, vote, influence, aid, and assistance* of him, the said W. O. Lassley, *in procuring* for the said Mae Marie Risley, *the office, Place and position of teacher* of the said Petelorural School District, Number 31 of Christian County, Missouri, for the School year 1941-1942 . . ."

We pass at once to the point most strenuously urged on this appeal, i. e., that the state's main instruction[2] was reversibly [797] erroneous. Said instruction was challenged for the reason, among others, that it submitted the question of defendant's guilt under hypothesized facts which would constitute a violation of the first subdivision of Sec. 4326, supra, rather than under the second subdivision thereof, as charged in the information. We see no escape from the correctness of this contention. We think this is manifest upon a consideration of the portions of the statute, information and instruction which have been italicized for ready reference. The statute contemplates that the offense may be committed in the different ways specified therein. Defendant stood charged with having done so by the particular means specified in the second subdivision. It may be that the proof adduced would have been sufficient under *either* subdivision, and it would have been permissible to vary the charge, expressing it in different terms, in separate counts, in order to meet the testimony, but this was not done. The issue made by the charge was whether the money was received "in consideration of defendant's acts, vote, influence, aid and assistance in procuring" the place for the prosecuting witness, and not upon his "agreement to procure, etc." The instruction having failed to conform to the issue

---

[2] "The Court instructs the jury that if you find and believe from the evidence beyond a reasonable doubt that defendant, W. O. Lassley, on the first day of April, 1941, or at any time within five years before the filing of the information herein, to-wit: May 28th, 1942, was a member of the Board of Education of the Petelo Rural School District Number 31 of Christian County, Missouri, and was legally exercising the duties of said office, and if you further find that the said W. O. Lassley in the County of Christian and State of Missouri did then and there willfully, designedly, corruptly, unlawfully and feloniously accept and receive a sum of money, to-wit: $110.00, or any other amount from Mae Marie Risley, *upon the agreement of the said W. O. Lassley, as aforesaid,* to procure by his acts, vote, influence, aid and assistance, for the said Mae Marie Risley, the office, place and position of teacher of the said Petelo Rural School District Number 31 of Christian County, Missouri, for the school year of 1941-1942, then you shall find the defendant guilty and assess his punishment at imprisonment in the State Penitentiary for a term of not less than two nor more than seven years; and unless you so find you will acquit the defendant."

raised by the information, it follows that the conviction thereunder will not be permitted to stand.

█ Complaint is made with reference to the state's testimony that in April, 1940, when Miss Risley applied for the school (the year preceding the one in question), defendant, in the presence of Miss Risley and her aunt and uncle, made a statement to the effect that his buildings, seven in number, had been destroyed by fire, and that he had trouble in collecting the insurance, and was in a hard way financially. Numerous objections, not interposed at the trial, are urged against its admission. In view of the necessity for remanding the case for new trial, we take occasion to say that this testimony, if offered again, should be excluded, if for no other reason than as too remote in point of time.

Some of the remaining matters urged are not properly before us for review because not preserved by the bill of exceptions; others are of such nature as to render it unlikely that they will recur upon another trial, and so will not be noticed.

For the error noted, the judgment is reversed, and the cause remanded. All concur.