**STATE of Missouri, Respondent,**

v.

**William J. FRY, Appellant.**

**No. 56137.**

Supreme Court of Missouri,
Division No. 1.

June 28, 1971.

Motion for Rehearing or to Transfer to
Court En Banc Denied
Sept. 13, 1971.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Philip H. Schwarz, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; John J. Cosgrove, Public Defender, of counsel.

HOUSER, Commissioner.

William J. Fry, convicted by a jury of assault with intent to rob with malice aforethought, and sentenced to 20 years' imprisonment, has appealed. The sole point is whether the court erred in the definition of "malice" contained in main verdict-directing Instruction No. 5.

The fifth paragraph of the instruction follows:

" 'Malice,' in its legal sense, as used in these instructions, does not mean mere spite, ill will, hatred or dislike as it is ordinarily understood, but it means that condition of the mind which prompts a person to attempt to take the life of another intentionally without just cause, justification or excuse and signifies a state of disposition of the mind which shows a heart regardless of social duty and fatally bent on mischief."

Appellant claims that the definition referred to an offense with which he was not charged (attempt to take the life of another); that this is positive misdirection; that "[i]n effect, it tells the jury that appellant was in a condition of mind to take the life of another." Appellant cites State v. Thornton, Mo.App., 441 S. W.2d 738, which holds that an instruction is erroneous which hypothesizes a fact of which there is no evidence, and State v. Kauffman, 329 Mo. 813, 46 S.W.2d 843; State v. Lassley, 351 Mo. 1024, 174 S.W.2d

795; State v. Hancock, 320 Mo. 327, 7 S. W.2d 273, and State v. Young, 266 Mo. 723, 183 S.W. 305, which hold that an instruction is erroneous when it submits a different offense from the one charged in the information or indictment. These cases are not controlling in this situation. There was no hypothesis of a fact not in evidence. Instruction No. 5 hypothesized making an assault with felonious intent to rob with malice aforethought, of which there was substantial evidence, the sufficiency of which is not challenged. There was no submission of a different offense from that charged.

It is true that in describing the condition of the mind that constitutes malice in its legal sense (which should have been that condition of the mind which prompts a person to intentionally do a wrongful act without justification or excuse) the court referred to a state of mind which prompts a person to attempt to take the life of another. The submission of the question of defendant's guilt based upon a finding that appellant must have had that condition of mind imposed a burden on the State beyond that required. It called for a jury finding above and beyond the normal requirement in such cases. The erroneous definition of a term in an instruction which places an additional burden upon the State by requiring the jury to find more than is necessary to support a conviction is harmless error. State v. Cutshall, Mo. Sup., 430 S.W.2d 173; State v. Jones, Mo. Sup., 365 S.W.2d 508; State v. Romprey, Mo.Sup. en Banc, 339 S.W.2d 746; State v. Daegele, Mo.Sup., 302 S.W.2d 20; State v. Hartman, 364 Mo. 1109, 273 S.W.2d 198.

The State, however, met that burden of proof and the error was particularly harmless in this case because there was evidence from which the jury could find that appellant had that condition of mind which prompts a person to attempt to take the life of another intentionally without just cause. The State's testimony showed that three armed men entered Tony's Tavern for the purpose of holding up the proprie-

tor and committing robbery. One of them, one Simms, stayed at the back of the tavern and held a gun on the customers. Another, named Chapman, held a gun on the proprietor, who was behind the bar, and demanded his money. Appellant, armed with a gun, encountered a patron of the tavern, one Wilbert Pearson, and asked him where he thought he was going. Pearson said he thought he was going to the restroom. Appellant said "Well, you better go over here and sit down before I blow your head off." Pearson picked up a cue stick near the pool table. Appellant turned around with the gun in his hand and repeated "I'm going to blow your head off." Pearson put the cue stick back and sat down. Appellant positioned himself at the bar and tried to open the cash register. As the proprietor was filling a sack with money a scuffle broke out between Simms and a customer in the rear of the tavern. In the course of the melee Simms' gun came out of his hand and across the floor to the feet of Wilbert Pearson, who picked it up. When Pearson recovered Simms' pistol he went to a position at the bar directly across from the cash register, pointed it at appellant, and when appellant turned around Pearson told him to throw the gun over the bar. Instead of obeying Pearson's command appellant, who had a gun, raised his arm, attempting to put the gun in a position to shoot Pearson, straightened his arm out, and at that point Pearson fired, striking appellant. When appellant did not fall Pearson fired a second shot, and appellant started running and ran out of the back of the tavern. This constitutes substantial evidence that appellant "had that condition of the mind which prompts a person to attempt to take the life of another intentionally without just cause or excuse." By his own declaration appellant demonstrated his readiness to blow a man's head off in order to forward his intent to rob. He not only had the condition of mind to take another's life but committed an overt act in furtherance of his intent to shoot Pearson by attempting to ready his gun to fire at him.

The point raised is devoid of merit, is ruled against appellant, and the judgment of conviction is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HOLMAN, J., concurs.

SEILER, P. J., concurs in result in separate opinion filed.

BARDGETT, J., concurs in result and concurs in opinion of SEILER, P. J.

SEILER, Presiding Judge (concurring in result).

I concur in the result reached in the principal opinion, because, as Judge Houser points out, there was evidence here to support the definition of malice as submitted in Instruction No. 5.

However, I am unable to concur in that portion of page 458 of the opinion which would dispose of the point on the basis that if the state overinstructs, this is simply the assumption of an additional burden by it, and hence harmless error.

Such used to be the rule in civil cases— it was all right to overinstruct so long as it was done in the conjunctive; this merely was the assumption of an additional burden by the party and if the jury found for him, the overinstruction was harmless error, even though there was no evidence to support the theory submitted. MAI changed all this in the civil field, and the reasons for the change apply with equal force in the criminal field. The MAI Committee reported to this court in 1963: "The Committee believes that the jury should not be instructed on a theory of recovery or defense not supported by the evidence, and that any such submission, whether in the conjunctive or disjunctive, should be reversible error. A theory of recovery or defense should not be submitted unless it can stand alone. The present practice has been a crutch which has done little but confuse by presenting imaginary issues for the jury's determination.", MAI, 2nd ed., p. XXV.

In my opinion, the same practice in the criminal field, which likewise does "little but confuse by presenting imaginary issues for the jury's determination", should also be eliminated.