William Jewell FRY, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26257.

Missouri Court of Appeals,
Kansas City District.

Dec. 31, 1973.

Lloyd F. Dieckman, Pohlmann & Dieckman, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before DIXON, C. J., PRITCHARD, J., and FRANK CONLEY, Special Judge.

DIXON, Chief Judge.

Appeal from an order denying a Rule 27.26, V.A.M.R., motion to vacate a conviction and twenty-year sentence for assault with intent to rob with malice aforethought. The movant claims denial of effective assistance of counsel. After an evidentiary hearing on the motion, relief was denied.

Ineffective assistance of counsel is specified as 1) failing to consult with appellant

concerning the defense of the case; 2) causing appellant to testify in his own behalf and against his wishes; 3) failing to locate a critical witness for the defense; and 4) failing to apprise appellant of his rights under Chapter 552, RSMo 1969, V.A.M.S., concerning further mental examinations.

■ The claim that counsel did not consult with appellant concerning his defense is supported only by appellant's testimony that counsel did not spend adequate time with him in preparation for trial. Appellant also claims that without his knowledge and consent, counsel made an admission at trial of appellant's guilt in the opening statement to the jury. Counsel, in his testimony, stated that he met with appellant two or three times prior to trial, that they both discussed possible defenses in the case and that there was no doubt from the evidence that appellant was present at the scene of the alleged robbery. Furthermore, counsel testified that after these meetings with appellant, he determined that, as a matter of trial strategy, the best defense would be to attempt to prove appellant did not have the intent necessary for the crime as charged. The claim that counsel admitted guilt is unworthy of belief; counsel in opening statement admitted only defendant was present and wounded when the robbery occurred. This trial strategem is understandable since the State's proof unquestionably put defendant at the scene of an attempted armed robbery, the defendant, in fact, having been wounded when a patron of the establishment being robbed wrested a gun from appellant's accomplice and shot and seriously wounded appellant.

■ Relief on this point must be denied. The amount of time counsel spends with his client is not a standard for determining counsel's competency and efforts on behalf of his clients, absent any showing that more time was necessary. Babcock v. State, 485 S.W.2d 85, 89 (Mo.

1972); Roulette v. State, 504 S.W.2d 331 (Mo.App., 1973); State v. Bobbitt, 465 S.W.2d 579, 581 (Mo.banc 1971); State v. Young, 488 S.W.2d 221, 223 (Mo.App. 1972). Furthermore, an accused is bound by his counsel's decision as to trial strategy, unless such decision makes a mockery of the proceedings, Holbert v. State, 439 S.W.2d 507, 509 (Mo.1969).

■ Appellant's second contention is that appointed counsel caused him to testify in his own behalf and against his wishes, thereby opening up his testimony to impeachment because of two prior felony convictions. Appellant testified at the evidentiary hearing that he never discussed this matter with counsel prior to trial and that he told counsel that he did not want to testify. The simple answer to this contention is found in the trial transcript. It is abundantly clear from counsel's opening statement that appellant was going to testify. This prior statement of the appellant's intent gave appellant ample opportunity to object to so testifying. Appellant's attorney testified that he advised his client of the ramifications of such testimony and that appellant expressed a willingness to so testify. Moreover, counsel stated that having appellant testify in his own behalf was the best strategy he could use in establishing a proper defense for his client. Accordingly, it may not be said on this record that the trial court's findings that counsel apprised appellant of his right to remain silent and the reasons and strategy underlying his taking the witness stand were clearly erroneous. Rule 27.26.

Appellant contends also that counsel failed to locate a critical witness who observed appellant at the scene of the alleged crime. Appellant testified that an unknown woman, supposedly a waitress at the tavern where the crime occurred, if called to testify, would have shown that appellant did not commit an assault. Counsel testified that both he and an investigator tried to locate this witness but without success. This showing does not

establish ineffective assistance of counsel. Similar occurrences in connection with such a claim are described and considered adversely in Jackson v. State, 465 S.W.2d 642, 646 (Mo.1971), State v. Woolbright, 449 S.W.2d 602, 605 (Mo.1970). It cannot be said that the court erred in failing to find counsel ineffective for his alleged failure to locate a witness.

Appellant's final contention relates to his right to undergo further mental examinations pursuant to Chapter 552, RSMo 1969, V.A.M.S., and his competency to stand trial. Appellant testified that he had read the medical report of his sanity hearing, discussed it with counsel, but did not agree with certain parts of the report. However, appellant did admit in his testimony to having had two mental examinations before trial and that the report did state that he was competent to stand trial and assist in his own defense. Counsel testified that he studied this report and discussed its contents with the appellant. Moreover, from his conversations and observations, counsel concluded that appellant was not suffering from any mental defect and that a further examination was not necessary.

There is no question that appellant was provided psychiatric examinations and found mentally competent and capable of assisting in his own defense. The issue of appellant's competency was neither pursued further at trial nor presented in the original appeal. State v. Fry, 470 S.W.2d 457 (Mo.1971). It is also quite clear from a reading of the trial transcript that appellant was satisfied with the medical opinion concerning his examination. The trial transcript indicates that appellant did not wish to contest the report and was in complete agreement with its findings.

Here again is the uncontroverted record bespeaking truth appellant wildly asserts the contrary. The trial transcript abundantly demonstrates that the trial judge's findings vis-a-vis the credibility of the appellant are valid. On appellant's testimony, his claim of relief must rest. On the record, it is unworthy of belief.

The trial court's findings are not clearly erroneous, and the judgment is affirmed.

All concur.