People of the State of Illinois, Plaintiff-Appellee, v. John E. Green, Defendant-Appellant.

**Gen. No. 53,046.**

First District, Third Division.

December 11, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (John E. Hughes, Shelvin Singer, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, and Kenneth L. Gillis, Special Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, John Green, was convicted in a non-jury trial of an attempted robbery, and was sentenced to the penitentiary for a term of three to ten years. He contends that he was not proven guilty beyond a reasonable doubt, and that his pretrial identification did not

afford him an opportunity to either obtain counsel or to appear in a lineup and thus deprived him of due process of law.

Louis Brown, a gas station attendant, testified that on October 31, 1967, at 2:30 a. m., a man whom he identified as Green came to the station and asked to use the washroom. Another man was in the station with Brown. When Green returned from the washroom he asked for change for a quarter and, as Brown was giving him his change, Green, who had his left hand in his pocket, revealed what appeared to be the pointed end of a pistol and said: "Get back in there . . . this is a stickup." Brown immediately slammed and locked the front door in the robber's face and telephoned the police as Green walked away. Later that morning the police brought Green to the gas station and Brown identified him as the man who had attempted the robbery.

The arresting officer testified that approximately two hours after receiving a radio message about the offense, he observed a man who fit the description given in the message. The man was arrested, searched and found to possess a chrome cigarette lighter which resembled a revolver. He was taken to the gas station and was identified by Brown as the man who had attempted to rob him.

Green admitted that he was at the station. He testified that he asked the attendant for change to use the telephone. He said he had his money and a cigarette lighter, which he described as a "revolver shaped instrument," in the same pocket. The attendant became agitated when he saw the lighter and, after giving him the change, slammed the door and told the other man to call the police, whereupon Green left the station. He denied that he attempted to rob Brown or that he threatened him with the use of force.

█ █ The defendant's first contention is that the State did not prove beyond a reasonable doubt that a rob-

38

bery was attempted because Brown's testimony was not corroborated by the third man who was present at the scene. He argues that the failure to call this witness carries an adverse inference against the State and cites People v. DiVito, 66 Ill App2d 282, 214 NE2d 320 (1966), in support of his argument. His reliance on Di Vito is misplaced. In that case this court held that the State had not met its burden of proof when the complaining witness could not identify DiVito as one of the men who had robbed him in his apartment and when it was established that another man, William Orlach, was also in the apartment when the robbery occurred but was not called by the State as a witness. The only evidence implicating DiVito was a fingerprint found in the apartment which he asserted was made when he had visited there on an earlier occasion. This court said: "The inference might well be that Orlach had seen the robbers and would have testified that the defendant was not one of them." The present case is inapposite: a witness identified the defendant and testified as to what he said and did. Moreover, the defendant admitted being at the station and his identification is not in issue. The State is not obligated to produce every witness to a crime and the failure to produce a witness does not raise a presumption that his testimony would be unfavorable to the prosecution. People v. Jones, 30 Ill2d 186, 195 NE2d 698 (1964).

The defendant's denial that he attempted a robbery created an issue for the trial court's determination. The court heard the positive testimony of Brown that Green attempted to rob him. The testimony of one witness, if positive and credible, is sufficient to support a finding of guilty. People v. Brinkley, 33 Ill2d 403, 211 NE2d 730 (1965) ; People v. Donald, 29 Ill2d 283, 194 NE 2d 227 (1963). Green's evasive act of immediately leaving the scene when the police were called was also a matter for the court's consideration as were his two

prior, forcible felony convictions, which were offered by the prosecution to impeach his credibility. There is no reason to disturb the court's finding that the evidence established Green's guilt beyond a reasonable doubt.

 The defendant's contention that his post-arrest identification at the gas station deprived him of due process of law and of his right to counsel is novel in view of the fact that he admitted his presence at the scene of the alleged crime. His argument seems to be that even though his identification was not a factual issue at the trial, the one-man showup was so suggestive and prejudicial that he felt compelled to testify that he was present. There is no need to answer this argument inasmuch as the defendant did not object to the evidence concerning identification at his trial.

 Even if we were to ignore the infirmity in his argument, we would not find merit in his contention that the mode of identification deprived him of his constitutional guaranties under the Sixth and Fourteenth Amendments. The circumstances surrounding his identification at the gas station were not "so necessarily suggestive and conducive to irreparable mistaken identification" as to deprive him of due process of law. Stovall v. Denno, 388 US 293 (1967). Brown had a clear view of the defendant at a very close distance for a period of several minutes. He, therefore, had ample time to observe him which provided an adequate independent and untainted basis for the courtroom identification— an identification corroborated by the defendant's own testimony which he now seeks to impeach.

The cases of United States v. Wade, 388 US 218 (1967) and Gilbert v. California, 388 US 263 (1967), are relied on by the defendant in support of his assertion that he was unconstitutionally deprived of his right to counsel during the confrontation at the gas station. People v. Palmer, 41 Ill2d 571, 244 NE2d 173 (1969), con-

strued these decisions as holding that the right to counsel attaches only at *post-indictment* confrontations. The confrontation between Green and his accuser occurred immediately after his arrest and prior to his indictment and the appointment of his counsel.

A third point advanced in the defendant's brief was that he did not knowingly waive his right to a trial by jury. This point was dropped by his appeal counsel who stated in oral argument that he was waiving Point III and relying solely on Points I and II. Our examination of Point III discloses that the attorney made a lawyer-like decision. The point was without merit under the circumstances of this case and, in view of the published opinions of this court, would not have been sustained.

The judgment is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.