**STATE of Missouri, Respondent,**

v.

**Arthur STEVENS, Appellant.**

**No. 55701.**

Supreme Court of Missouri,
Division No. 1.

June 14, 1971.

John C. Danforth, Atty. Gen., Kermit W. Almstedt, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel P. Reardon, Jr., St. Louis, for appellant.

HIGGINS, Commissioner.

Arthur Stevens, Cecil Smith, and Elijan Scott were charged by information with robbery, first degree, with a dangerous and deadly weapon. Upon separate trial, Cecil Smith was convicted by a jury and sentenced to seven years' imprisonment, and his conviction was affirmed on appeal. State v. Smith, Mo., March 8, 1971, 465 S.W.2d 482. Arthur Stevens was subsequently convicted by a jury of the offense charged, punishment was assessed at seven years' imprisonment, and sentence and judgment were rendered accordingly. §§ 560.120, 560.135, V.A.M.S.

Appellant does not question the sufficiency of evidence to sustain his convic-

tion, and the statement from his brief demonstrates that the state made its case:

"At approximately 1:35 A.M., June 13, 1969, three Negroes in a 1969 blue Oldsmobile drove into a Clark Service Station located at 5728 West Florissant Avenue, St. Louis, Missouri, and pulled up to the gasoline pump nearest the office. The service station attendant, Mr. George Diehl, came out of the service station building and walked around to the back of the car to the driver's side. The driver [Stevens] of the automobile ordered one dollar's worth of gasoline and after the attendant filled the order, he proceeded back to the driver's side of the vehicle to collect the money. The driver handed Mr. Diehl a five dollar bill and while he was making change the passenger in the front seat next to the driver pulled a revolver, pointed it at Mr. Diehl and said, 'O.K., this is it, hand it over.' Whereupon, Mr. Diehl removed the sum of $66.00 from his top shirt pocket and handed it to the driver. A police car driven by Patrolman William Berger drove into the gas station lot as the holdup was in progress and Mr. Diehl informed Officer Berger what was occurring. On seeing the police car enter the lot and approach Mr. Diehl the driver of the Oldsmobile sped from the lot after dropping some of the money taken to the pavement. Officer Berger pursued the fleeing vehicle from the lot, quickly losing sight of it. Officer Berger then put out a radio bulletin on the automobile. One answering the description was stopped some minutes later, eight blocks from the robbery scene, and the three occupants, one of them being appellant [Stevens], were apprehended by Patrolman David Ostenfeld. Patrolman Ostenfeld detained the three occupants until several other police officers, Patrolman Berger among them, arrived at the arrest scene. The suspects were then put into a police van and, accompanied by Patrolman Berger, driven back to the Clark Station where Mr. Diehl, upon viewing the three suspects in the back of the van, identified them as the men who had robbed him some [ten] minutes earlier."

Appellant's sole contention is that "the trial court erroneously and unconstitutionally permitted the state to elicit evidence concerning the identifications of the defendant by the victim both in court during trial and during the investigative phase of the case."

Appellant's argument is that "this Court has interpreted * * * U. S. v. Wade, 338 U.S. 218, [87 S.Ct. 1926, 18 L.Ed.2d 1149] * * * in the strictest sense possible. State v. Hamblin, [Mo.] 448 S.W.2d 603, and State v. Walters, [Mo.] 457 S.W. 2d 817, hold that Wade stands for the proposition that only post-indictment lineups require that defendant be afforded the presence of counsel, thereby denying the claim of an accused for the presence of an attorney at any show-up that is conducted prior to an indictment"; and he suggests that United States v. Wade, supra (and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199), should not be so strictly interpreted.

This contention was stated, briefed, and argued verbatim in the companion case, State v. Smith, supra; and the answer in denial of the contention there is dispositive of this appeal:

" * * * the Walters and Hamblin cases need not be applied here. This is a situation where the identification of appellant by witness Diehl was made within *ten minutes* after the robbery, in an on-the-scene confrontation. In Bates v. United States (C.A.D.C.), [132 U.S.App.D.C. 36], 405 F.2d 1104, there was an identification made of defendant who was exhibited alone and in a patrol wagon to victims of an assault by him within thirty minutes after the attack. The court said, 405 F.2d 1106, 'There is no prohibition against a viewing of a suspect alone in what is called a "one-man" showup when this occurs near

the time of the alleged criminal act; such a course does not tend to bring about misidentification but rather tends under some circumstances to insure accuracy. * * * there was no "substantial likelihood of irreparable *misidentification*." To the contrary, the police action in returning the suspect to the vicinity of the crime for immediate identification in circumstances such as these fosters the desirable objectives of fresh, accurate identification which in some instances may lead to the immediate release of an innocent suspect and at the same time enable the police to resume the search for the fleeing culprit while the trail is fresh.' See also State v. Hamblin, supra, where there was a hospital confrontation of defendant by his victim a short time after the robbery and immediately after defendant's apprehension, held to be permissible; and State v. Bevineau, Mo., 460 S.W.2d 683, where there was a police station observation of defendant by one Fallart whom defendant had tried to force into driving him away, saying that he 'had just shot a man and one more wouldn't make any difference to him.' The police station observation was about two hours after the robbery. It was held that there was an independent basis for the in-court identification. Here, there was no impermissible suggestive procedures used by the police in exhibiting appellant to Diehl. Without objection, Officer Berger identified appellant [Stevens as the driver] of the blue Oldsmobile as it drove away immediately after the perpetration of the robbery. Diehl had sufficient opportunity under good lighting conditions to observe appellant * * *. There was no error in permitting the testimony of the at-the-scene confrontation because it may be determined that Diehl's in-court identification of appellant had a basis independent of the confrontations. State v. Williams, Mo., 448 S.W.2d 865; State v. Hamblin, supra." 465 S.W.2d l.c. 484. See also State v. Franklin, Mo., 448 S.W.2d 583; State v. DeLuca, Mo., 448 S.W.2d 869; State v. Mentor, Mo., 433 S.W.2d 816; State v. Townes, Mo., 461 S.W.2d 761.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.