**STATE of Missouri, Respondent,**

v.

**Larry Raymond GATES, Appellant.**

**No. 55989.**

Supreme Court of Missouri,
Division No. 2.

Oct. 11, 1971.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

John P. Haley, Jr., Kansas City, for appellant.

STOCKARD, Commissioner.

Appellant was found guilty by a jury of robbery in the first degree, and when the jury could not agree on the punishment the court fixed the punishment at imprisonment for a term of forty years. A previous submission of this appeal was set aside and the case redocketed. See State v. Gates, Mo., 466 S.W.2d 681.

A jury reasonably could find that on April 12, 1969, appellant and two companions held up Ralph Emerson, a service station attendant at gun point and took a little more than $100 from him, and that appellant then shot Mr. Emerson in the wrist.

Appellant first contends that his constitutional rights were violated in that he was not represented by counsel at a lineup, and that he had not knowingly and intelligently waived his right to counsel.

A hearing was held out of the presence of the jury on appellant's motion to suppress evidence of the lineup identification. Police Officer Vernon Wilson testified that he advised appellant of his constitutional rights, and that appellant stated that he knew those rights but would not sign anything. He was then advised that there would be a "show-up" and that he had a right to have counsel present if desired, and that if he could not afford counsel the public defender's office would be contacted. Thereafter appellant participated in a lineup of three persons without asking to contact an attorney or to have one present.

Appellant's contention is without merit for two reasons. First, the trial court found that appellant knew of his right to counsel and understandingly waived it. Those findings are clearly supported by the evidence. The trial court was not bound to believe appellant's testimony inferring the contrary. Second, the lineup was held only a few hours after appellant was arrested and before any charge was filed against him. In State v. Walters, Mo., 457 S.W.2d 817, this court ruled that the cases of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, upon which appellant relies, do not apply to a lineup held prior to the filing of an indictment or information. There is no contention that the lineup was unnecessarily suggestive or conducive to irreparable mistaken identification within the proscription of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Appellant next contends that his arrest was unlawful, and that all subsequent proceedings were tainted by the unlawful arrest.

Appellant was arrested seven days subsequent to the robbery by Police Officer Vernon Wilson who had received information from a confidential informant that appellant was one of the robbers and the one who did the shooting. A black 1958 Chevrolet automobile had been used in the robbery and an automobile matching that description was in front of appellant's house. The officer had been investigating another robbery at the Swope Parkway Tavern, and in that robbery a black automobile had been used and had been shot at and hit. Officer Wilson found that the automobile in front of appellant's house showed signs of having been hit with shotgun pellets. Appellant was arrested and immediately "booked" for suspicion of both robberies. After a hearing the trial court found that the arrest was authorized and we agree. The police officer's testimony fully supports a finding by the trial court of probable cause for arrest within the rule

announced in McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62.

Appellant next contends that the trial court erred in admitting into evidence certain incriminating statements made by him during interrogation. He bases this on the assertion that the arrest was unlawful, and that the statements were procured through offers of leniency and promises of a parole.

■ We have held that the arrest was not unlawful, so that contention need not be examined further. We note that prior to making the statements appellant received the so-called Miranda warnings. Officer Wilson testified that appellant then agreed to talk "about the offenses" and he agreed to make a statement, but he refused to sign anything. The only evidence that appellant was offered leniency or parole came from the appellant which the trial court was not required to believe. Officer Wilson testified that there was no conversation concerning a parole. The trial court's finding that the statements were voluntary and admissible is supported by the evidence and is not clearly erroneous.

■ Appellant's last contention is that prior to its deliberations the trial court erroneously instructed the jury that if it found the appellant guilty but could not agree on the punishment, then the court would assess the punishment. The authority for this instruction is found in State v. Brown, Mo., 443 S.W.2d 805.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.