STATE of Missouri, Respondent,

v.

Stephen CHAVEZ, Appellant.

No. 56971.

Supreme Court of Missouri, Division No. 2.

July 17, 1972.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

John J. Cosgrove, Kansas City Legal Aid and Defender Society of Greater Kansas City, for appellant; Paul T. Miller, Kansas City, Executive Director, Willard B. Bunch, Kansas City, Chief Defender, of counsel.

HOUSER, Commissioner.

Stephen Chavez, convicted of robbery in the first degree and sentenced to 6 years' imprisonment, appeals on the sole ground that the court erred in overruling his motion to suppress his in-court identification, based upon the contention that it was tainted by a lineup confrontation without the presence of his counsel in violation of the Sixth Amendment to the federal constitution.

■ The lineup having been conducted prior to the filing of the information the requirements of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, have no application. This has been the consistent ruling of this Court. State v. Walters, Mo. Sup., 457 S.W.2d 817; Gaitan v. State, Mo. Sup., 464 S.W.2d 33, 35; State v. Richards, Mo.Sup., 467 S.W.2d 33, 37; State v. Stevens, Mo.Sup., 467 S.W.2d 906, 907; State v. Gates, Mo.Sup., 471 S.W.2d 272; State v. Brookins, Mo.Sup., 468 S.W.2d 42, 47. Any lingering question as to the propriety of our rulings in this respect is removed by the decision of the Supreme Court of the United States on June 7, 1972 in Kirby v. Illinois, No. 70–5061, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, holding that the per se exclusionary rule of Wade and Gilbert does not apply to preindictment confrontations.

■ Appellant's contention that the lineup was unnecessarily suggestive because of substantial differences in physical appearance between appellant and the other men in the lineup stands for disapproval for the reason that there is ample evidence that the in-court identification was of independent origin. This robbery occurred in the Brown Jug Tavern. Norma Nay, daughter of the owners and manager of the tavern, testified that three men entered the tavern, including this appellant whom she described as dark-skinned, with black hair, wearing a black three-quarter-length leather coat and black pants, either a Mexican or Italian. They opened the door, said this was a stick-up, told Norma and the barmaid to stay on the stools and held a gun on her. One of the men went behind the bar, took four quarts and a half pint of whiskey off the bar, asked where the change was, asked for and took the women's purses, took the money out of the register and put it in a brown paper sack. The men were in the tavern about 35 minutes. Before they left they put the women in the restroom and told them to stay there. Norma had an opportunity to observe them during the time they were in the tavern. She identified appellant later that night at the police lineup. She testified that she could have identified him whether or not she had gone to a lineup; that her instant recognition of appellant at the lineup was based upon her observation of him at the tavern. There was no error in overruling the motion to suppress the in-court identification. State v. Bevineau, Mo.Sup., 460 S.W.2d 683 [1].

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and FINCH, C. J., concur.