THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JUNIUS TAYLOR, Defendant-Appellant.

(No. 11558;

Fourth District—December 13, 1972.

*Modified upon denial of rehearing January 16, 1973.*

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Walter H. Kasten, Assistant State's Attorney, of counsel,) for the People.

## OPINION AS MODIFIED UPON DENIAL OF PETITION FOR REHEARING

Mr. JUSTICE SMITH delivered the opinion of the court:

Defendant Junius Taylor was convicted of robbery after a bench trial in the Circuit Court of Sangamon County and sentenced to five to fifteen years. Two errors are alleged by the Defendant: (1) the failure to prove Defendant's guilt beyond a reasonable doubt and (2) the length of the sentence.

Defendant allegedly robbed a gas station at 10:30 P.M. in Springfield, Illinois. At that time, one attendant was in the building and another at-

tendant, James C. Brown, outside in his car on the parking lot. A man later identified as the Defendant came into the gas station with his hands in his coat pocket indicating that he had a weapon and told the attendant that he wanted all of the bills. The attendant opened the cash register and gave them to him. Brown, who was in his automobile, looked up and saw the robbery taking place. He drove up next to the building and asked what was happening. At that time, the Defendant ran out with some $100.00. Brown chased him on foot but the Defendant escaped.

Subsequently at the police station, Defendant was identified while sitting by himself. This identification was suppressed on trial as an improper line up. The gas station attendant in the building at the time of the robbery stated at trial that he could not identify the Defendant, but Brown stated that Defendant was the one that held up the station. He testified that his identification in Court was not dependent upon the identification at the police station and that he had met the Defendant before but did not know his name.

■■ Defendant attacks the credibility of the witness Brown. Defendant states that Brown was inconsistent in that he had not told the police that he had known the Defendant prior to the robbery. Other inconsistencies in his testimony were pointed out. However, Brown's testimony that it was the Defendant who held up the gas station remained unshaken; he positively identified Defendant on several occasions during the trial. The trial court obviously believed him and the discrepancies in his testimony were not such as to make his testimony so inherently improbable that it could not be believed. The testimony of one witness is a sufficient basis to sustain a conviction. *People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182; *People v. Green*, 118 Ill.App.2d 36, 254 N.E.2d 663.

■■ Defendant further contends that the length of the sentence of five to fifteen years was excessive. After the trial, no motion for probation was made and Defendant did not offer any evidence in mitigation. The Defendant at the time of the robbery had been on parole from an earlier conviction of robbery. The issue here is not whether a similar sentence could be imposed by this Court, but whether the trial court abused its discretion. The trial court is given wide latitude in sentencing. (*People v. Short*, 4 Ill.App.3d 832, 281 N.E.2d 783; *Ryan v. Hoffman*, 7 Ill.App.3d 621, 288 N.E.2d 255.) Under these foregoing circumstances, it cannot be said that the trial court abused its discretion in the imposition of this sentence.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.