STATE of Missouri, Respondent,

v.

Tyrone HAMILTON, Appellant.

No. 56504.

Supreme Court of Missouri,
Division No. 2.

Feb. 12, 1973.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Michael J. Tannler, Joseph H. Weyhrich, St. Louis, for appellant.

STOCKARD, Commissioner.

Tyrone Hamilton was found guilty by a jury of robbery in the first degree by means of a dangerous and deadly weapon, and punishment was assessed at imprisonment for a term of ten years. The notice of appeal was filed prior to January 1, 1972. Appellate jurisdiction is in this court.

The sufficiency of the evidence to sustain the verdict is not challenged. Briefly stated, a jury reasonably could find that on the evening of July 9, 1970, appellant and two companions, by use of guns, robbed Calvin Pickett, an attendant at a Standard service station, and Thomas Marshall, a friend of Pickett's. The police were called, and Pickett, while riding in a police automobile about three blocks from the service station, pointed out appellant and his companions to the police officers. Appellant and the others ran when they saw the police automobile, but Officer Thomas pursued and apprehended appellant. After having been given the "Miranda" warnings appellant stated to Officer Thomas that he had participated in the robbery. Officer Thomas returned to the area where the chase started and found a .22 caliber gun.

Prior to trial appellant moved to suppress all evidence of identification and of statements allegedly made by him. After a hearing the trial court sustained the motion as to any lineup identification, but overruled it in all other respects.

Appellant first contends that the trial court erred in denying his motion to suppress in-court identifications because such identifications were the product of "lineups conducted in violation of [appellant's] right to counsel," and that the State failed to sustain its burden of showing an independent basis for the in-court identifications.

While the record does not show the precise reason for the ruling of the trial court, it appears that the lineup identifications were suppressed on the basis that the lineups were conducted without counsel being present or waived. However, the lineups were held before any charge had been filed against appellant, and the per se exclusionary rule of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149, was not applicable. State v. Walters, Mo., 457 S.W.2d 817; Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L. Ed.2d 411. Therefore, the lack of counsel at the lineups could not justify the suppression of the in-court identifications. The evidence does not disclose anything concerning the lineups which was unduly suggestive or otherwise improper. Both victims of the robbery had a clear view of appellant during the robbery. Mr. Pickett described appellant to the police immediately after the robbery, and then pointed him out to the police a few minutes later only a few blocks from the scene of the crime. Assuming the lineups were improper for some reason, the evidence discloses that the witnesses had a source of identification independent of the lineups, and the

trial court so found. That determination was not clearly erroneous.

 Appellant next contends the trial court erred in refusing to suppress statements by him because it was not shown that he knowingly and intelligently waived his privilege against self-incrimination or his right to have retained or appointed counsel.

The record shows and the trial court found that appellant was fully and timely advised of all that is required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The record also shows that after being advised of his "Miranda" rights, appellant affirmatively stated that he understood them. There is nothing to indicate he did not or could not do so.

Appellant cites State v. McGee, Mo., 447 S.W.2d 270, and contends that the record is silent on the issue as to whether he knowingly and intelligently waived his privilege against self-incrimination and his right to counsel at the interrogation. We do not agree. After the "Miranda" warnings were given, appellant was asked if he understood what had been told him, and he affirmatively stated that he did. He then, as far as shown by the record, made the statements to Officer Thomas, although knowing he was not required to do so, while he was being conducted back to the police automobile. This affirmative statement and the circumstances do not present the "silent record" referred to in the McGee case. The situation is comparable to those in State v. Hughes, Mo., 460 S.W.2d 600; Burnside v. State, Mo., 473 S.W.2d 697; and United States v. Green, 5 Cir., 433 F.2d 946.

 Appellant's last point is that the forms of verdict gave undue prominence to a finding of guilty. We consider this contention to border on the frivolous. Omitting the caption, one form was printed and provided: "We, the jury in the above entitled cause, find the defendant not guilty." The other form was printed in part and provided: "We the jury in the above entitled cause, find the defendant *guilty of robbery first degree by means of a deadly and dangerous weapon as charged, and assess his punishment at imprisonment in the penitentiary for a term of ——.*" The italicized portion was handwritten.

By these forms there could not have been an invitation to use one in preference to the other. However, if it be contended that there was, we are of the opinion it would have been to use the "not guilty" form.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.