**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Ricky JONES, Defendant-Appellant.**

**No. 36068.**

Missouri Court of Appeals,
St. Louis District.

Sept. 16, 1975.

Charles D. Kitchin, Public Defender, Frederick R. Buckles, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, John D. Ashcroft, Asst. Atty. Gen., Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

Defendant was convicted of robbery first degree by means of a dangerous and deadly weapon, §§ 560.120 and 560.135 RSMo 1969, and was sentenced under the Second Offender Act, § 556.280 RSMo 1969, to 25 years in the custody of the Missouri Department of Corrections. Defendant on appeal challenges the ruling of the trial court denying his motion to suppress the lineup identification for the reason that his request for counsel was not honored and because the lineup was conducted in an unduly suggestive manner. He does not challenge the sufficiency of the evidence to support the jury verdict.

Viewing the evidence in the light most favorable to the State and disregarding evidence and the inferences which might be drawn therefrom contrary to the jury verdict, *State v. Stapleton*, 518 S.W.2d 292 (Mo. banc 1975), the jury, from the evidence adduced at trial, could find that on July 18, 1973, the defendant and three other black men robbed the Speckart Drug Store situated at 5000 N. Broadway in the City of St. Louis, obtaining $1,500.00 in cash and some personal property. Defendant was identified at trial as one of the men who held a sawed-off shot gun at the head of the pharmacist threatening to blow off the pharmacist's head while two other men took money from the cash register and a metal locker in the drug store. Personal property, such as wallets and watches, were taken from several employees of the drug store who were present at the time the robbery took place. The fourth participant in the crime acted as a look-out. When the men had obtained the money and property they fled on foot. Defendant's defense was alibi. His arrest was effected three days following the robbery when he, his brother and two others were seen entering an automobile which fled from the location at which it had been parked, and, after a chase during which a gun was thrown from the car, the four men were placed under arrest. Approximately one to one and a half hours later the four suspects were placed in a lineup at the Fifth District Police Station where defendant was identified as one of those who had participated in the robbery of Speckart's Drug Store on July 18, 1973.[1] Prior to the lineup this defendant requested the presence of a lawyer at the lineup but his request was denied.

▮ Defendant's first Point Relied On was not raised in his motion for new trial and therefore was not preserved for review in this Court, Rule 27.20. However, the law of this State is that the presence of counsel is not required at a pre-indictment lineup, *State v. Hamilton*, 490 S.W.2d 96, 97[1]

---

1. At this lineup three of the four men were identified as participants in the Speckart robbery, this defendant by three of the victims. His brother, James H. Jones, was also identified as one of the robbers, and was subsequently tried and convicted for this crime. On appeal James H. Jones' conviction was upheld. *State v. Jones*, 524 S.W.2d 186 (Mo.App.1975).

(Mo.1973), and the *United States Supreme Court in Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) held that a police station "show-up" which took place after the petitioner's arrest but before he had been indicted or otherwise formally charged was not a critical stage at which the petitioner had a constitutional right to counsel, and that the victim's testimony at trial describing his "show-up" identification of the defendant who was unrepresented by counsel at the "show-up" was admissible in evidence. The "show-up" in this case took place prior to the filing of any charges against the defendant and was not therefore a critical stage of the criminal proceedings at which the defendant was entitled to counsel. We rule this Point against the defendant.

Defendant's final Point is that the trial court erred in denying his motion to suppress the lineup identification on the grounds that it was conducted in a manner that was unduly suggestive. The thrust of defendant's argument is that the four men placed in the lineup were arrested together and, within an hour and a half, placed in the lineup together; that their ages, their race, and the height of three of the four, were "similar." He complains that no attempt was made to find others of "similar physical characteristics."

■ A conviction based on an identification will be set aside only when the identification has been tainted by a confrontation that is so unnecessarily suggestive and conducive to mistaken identification that the defendant's motion to suppress testimony deriving from suggestive identification procedures should have been granted. The factors to be considered in evaluating the likelihood of misidentification include the opportunity for the witnesses to view the criminal at the time of the crime, the certainty of the witnesses at the confrontation, and the length of time between the time of the commission of the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), *State v. Jordan*, 506 S.W.2d 74, 81[11] (Mo.

App.1974). Proof of a source of identification independent of the confrontation itself is enough to overcome a claim of unnecessary suggestiveness. *State v. Jackson*, 477 S.W.2d 47, 51[4] (Mo.1972).

■ In this case all three witnesses had ample opportunity to view the culprits during the robbery which lasted from ten to fifteen minutes during the middle of the day by robbers who wore no masks. The lineup was staged only three days after the robbery and was comprised of four men: the defendant who was 6′ 3″ tall and weighed 165 pounds, Dexter Davis, who was 6′ 1″ and weighed 145 pounds, James Jones, who was 6′ tall and weighed 210 pounds, and Ernest Murphy, who was 5′ 4″ tall and weighed 115 pounds. There was nothing unusual about the attire of the men in the lineup; the defendant, Davis and Murphy wore T-shirts. One of the four men involved in the robbery was described to the police as being shorter than the others. Murphy, the only subject in the lineup who was considerably shorter than the others, was not identified as one of the robbers. We conclude, that in view of the totality of the circumstances, the trial court did not err in denying defendant's motion to suppress the identification evidence in this case.

Examination of the Information, verdict, judgment and sentence pursuant to the requirements of Rule 28.02 reveal no insufficiencies.

The judgment of conviction is affirmed.

CLEMENS, P. J., and STEWART, J., concur.