532 S.W.2d 455 (1976)
Hubert M. MORRIS, Movant-Appellant,
v.
STATE of Missouri, Respondent.
No. 59042.
Supreme Court of Missouri, En Banc.
February 9, 1976.
Robert E. Heisler, Clayton, for movant-appellant.
John C. Danforth, Atty. Gen., Robert H. House, Asst. Atty. Gen., for respondent.
MORGAN, Judge.
On September 19, 1968, appellant was tried, as a second offender, for the crime of Robbery in the First Degree. The jury returned a verdict of guilty; and, the court assessed punishment at confinement for eighteen years. The judgment was affirmed by this court on June 8, 1970, in an opinion reported at 454 S.W.2d 570 (Mo.).
On September 29, 1970, appellant filed a motion to vacate judgment and sentence pursuant to Supreme Court Rule 27.26. After an evidentiary hearing, the trial court entered findings of fact and conclusions of law and denied relief. While movant's appeal was pending in the Court of Appeals, St. Louis District, we sustained the state's application to transfer, prior to opinion, for the purpose of reexamining the existing law as to the stage of proceedings at which the right to counsel at a lineup attaches. Necessarily, other issues properly preserved for review will be considered.
In the opinion disposing of the original appeal, the facts were summarized as follows, l.c. 570:
*456 Defendant Morris does not question the sufficiency of the evidence to support his conviction; * * * Shortly after nine o'clock P.M., on March 7, 1968, two negro men, one armed with a revolver, entered the Quick Shop at 1923 North Hanley Road in St. Louis county, Missouri, pointed the gun at and threatened to shoot Jerome Link, and took from Link and Robert Murphy, employees in charge of the Quick Shop, approximately $200 and thirty cartons of cigarettes, property of their employer. Mr. Murphy identified defendant as one of the two robbers. Defendant was apprehended fleeing from the scene in an automobile a short distance from the Quick Shop and within a few minutes after the robbery.
Defendant did not testify. His witness, Lamar Houston, testified that he met defendant in front of a pool room in Kinloch near seven o'clock P.M., on a date he could not remember; that he and an acquaintance named Earl agreed to take defendant to St. Louis in Earl's car for $2; that en route to St. Louis they were stopped on St. Charles Rock Road by the police at about 7:15 or 7:30 P.M., and defendant was arrested.
First, we consider the absence of counsel at the lineup held the morning after the arrestlate the night before. From the record made, it is impossible to determine exactly when the complaint was filed and a warrant was issued relative to the lineup. At the evidentiary hearing, appellant was of the opinion the lineup preceded issuance of the warrant. In any event, we must reexamine the existing law and seek to remove any uncertainty created by opinions of this court; and, we quote from a sufficient number to evidence the same.
In State v. Walters, 457 S.W.2d 817 (Mo.1970), the court said, l.c. 818-819:
The facts show that appellant did not have counsel at the lineup, but also that he had not been indicted and no information had been filed against him at that time. A number of other state jurisdictions have expressly held that the cases of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, apply only to post-indictment situations. People v. Palmer, 41 Ill.2d 571, 244 N.E.2d 173, 175[2, 3]; People v. Cesarz, 44 Ill.2d 180, 255 N.E.2d 1, 4[2-5]; People v. Green, 118 Ill.App.2d 36, 254 N.E.2d 663, 665[5]; State v. Thomas, 107 N.J.Super. 128, 257 A.2d 377, 380; State v. Fields, 104 Ariz. 486, 455 P.2d 964, 965[1]. See also Commonwealth v. Bumpus, 354 Mass. 494, 238 N.E.2d 343. In the concurring opinion of Hayes v. State, 46 Wis.2d 93, 175 N.W.2d 625, 633, after noting that the rationale of the Wade and Gilbert cases was that a post-indictment lineup was a critical stage of the proceedings, it was said, "At earlier stages the practical difficulties of appointing or arranging for the presence of counsel appears formidable. Thus the limiting of the Wade-Gilbert rule to post-indictment situations has sound reasons to recommend it. Regardless of the reasons, the limitation is stated in the rule. If the rule is to be extended to earlier stages or other situations, the court that authorized the rule should do the extending." For a court holding contrary to the foregoing cases see People v. Fowler, 1 Cal.3d 335, 82 Cal.Rptr. 363, 461 P.2d 643, 650. For the reason that appellant's lineup identification preceded the filing of the information against him, the Gilbert rule does not apply.
In State v. West, 484 S.W.2d 191 (Mo.1972), the court said, l.c. 192:
The lineup was conducted on May 13, 1970; the information was filed June 29, 1970. The lineup having been conducted prior to the filing of the information the per se exclusionary rule of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, has no application. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (United States Supreme *457 Court, June 7, 1972); State v. Chavez, Mo.Sup., 483 S.W.2d 68 (July 10, 1972).
In Arnold v. State, 484 S.W.2d 248 (Mo. 1972), the court said, l.c. 250:
The trial court's findings here indicate that the lineup in question occurred after the complaint charging movant had been filed and a warrant issued. Although filing of a complaint does not constitute a "criminal prosecution" (State v. Caffey, Mo.Sup., 438 S.W.2d 167, 171[1, 2]), filing of a complaint is the first step in the institution of a criminal charge under Missouri procedure. State v. Nichols, 330 Mo. 114, 49 S.W.2d 14, 19[8, 11]. The filing of a complaint and issuance of a warrant is the initiation of "adversary judicial proceedings" within the Kirby case. Thereafter, right to counsel attaches, including the right, under Wade, to have counsel present in any planned confrontation with witnesses. The effect of denial of such right is determined, insofar as a witness's at-trial identification is concerned by the Wade requirement that the at-trial identification be based upon observations of the suspect other than the lineup identification. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. At-trial evidence of the lineup identification in the absence of counsel without waiver is subject to the per se exclusionary rule laid down in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.
In State v. Petrechko, 486 S.W.2d 217 (Mo.1972), the court said, l.c. 219:
Also, the lineup in this case was held before appellant was charged by indictment or information, and the presence of counsel was not required. Therefore, no advice concerning the right to presence of counsel was required. State v. Walters, Mo., 457 S.W.2d 817; Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411.
See also State v. Chavez, 483 S.W.2d 68, 69 (Mo.1972); State v. Hamilton, 490 S.W.2d 96, 97 (Mo.1973); Brown v. State, 495 S.W.2d 690, 695 (Mo.App.1973); and, State v. Jordan, 506 S.W.2d 74, 80 (Mo.App.1974).
In Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the Supreme Court declared, l.c. 688, 689-690, 92 S.Ct. 1881-1883:
In a line of constitutional cases in this Court stemming back to the Court's landmark opinion in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, it has been firmly established that a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him. See Powell v. Alabama, supra; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193; Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246; United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387.
* * * * * *
The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the "criminal prosecutions" to which alone the explicit guarantees of the Sixth Amendment are applicable. See Powell v. Alabama, 287 U.S., at 66-71, 53 S.Ct. at 63; Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 *458 L.Ed.2d 246; Spano v. New York, 360 U.S. 315, 324, 79 S.Ct. 1202, 1207, 3 L.Ed.2d 1265 (Douglas, J., concurring).
In this case we are asked to import into a routine police investigation an absolute constitutional guarantee historically and rationally applicable only after the onset of formal prosecutorial proceedings. We decline to do so. Less than a year after Wade and Gilbert were decided, the Court explained the rule of those decisions as follows: "The rationale of those cases was that an accused is entitled to counsel at any `critical stage of the prosecution,' and that a post-indictment lineup is such a `critical stage.'" (Emphasis supplied.) Simmons v. United States, 390 U.S. 377, 382-383, 88 S.Ct. 967, 970, 19 L.Ed.2d 1247. We decline to depart from that rationale today by imposing a per se exclusionary rule upon testimony concerning an identification that took place long before the commencement of any prosecution whatever.
After articulating the reasons why the right to counsel, and the per se exclusionary rule, were not applicable to an investigatory confrontation or lineup, the court did emphasize, however, that: "That Due Process Clause of the Fifth and Fourteenth Amendments forbids a lineup that is unnecessarily suggestive and conducive to irreparable mistaken identification. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402." (Kirby, l.c. 406 U.S. 691, 92 S.Ct. 1883.)
More recently, the Supreme Court in Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975), held that: ". . . a State may not impose such greater restrictions as a matter of federal constitutional law when this Court specifically refrains from imposing them."
Thus, we look again to the holding in Kirby v. Illinois, supra, relative to the facts in the instant case. Therein, at l.c. 406 U.S. 689, 92 S.Ct. 1882, it was said that: ". . while members of the Court have differed as to the existence of the right to counsel in the contexts of some of the above cases, all of those cases have involved points of time at or after the initiation of adversary judicial criminal proceedingswhether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Conspicuous by its absence is the date of issuance of an arrest warrant, and we have concluded that our holding in Arnold v. State, supra, is in conflict with other decisions of this court, which are consistent with the holding in the Kirby case on the question involved, and that it should no longer be accepted as reflecting the law in this state. We do note the absence of any due process question in the instant case.
Appellant, perhaps in anticipation of the decision now made, seeks to distinguish his case by asserting at the post-conviction hearing (27.26) that he answered "yes" when the police inquired if he wanted counsel on the night of his arrest. He relies basically on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The answer may be found in the Kirby case, and we again quote therefrom, to-wit: ". . . The Court in retrospect perceived that the `prime purpose' of Escobedo was not to vindicate the constitutional right to counsel as such, but, like Miranda, `to guarantee full effectuation of the privilege against self-incrimination . . .' Johnson v. New Jersey, 384 U.S. 719, 729, 86 S.Ct. 1772, 1779, 16 L.Ed.2d 882." 406 U.S. at 689, 92 S.Ct. at 1882. It is not suggested, nor does the record reflect, that any statement of appellant was used against him at the trial. The argument is rejected.
Second, appellant contends that he was denied effective assistance of counsel, primarily, by his failure to file pretrial motions seeking to explore the evidence underlying the subsequent in-court identification. It is asserted that appellant's lineup in 1968 preceded the opinion in the Kirby case in 1972, and that: "It is the position of the *459 Appellant that in order to determine if Appellant had the effective assistance of counsel. . . the law of 1968 must be considered not the present law." Reliance is based on Saltys v. Adams, 465 F.2d 1023 (2nd Cir. 1972). It is sufficient to say that we are not persuaded by the opinion noted and point out that a 1968 lineup was considered by this court in State v. Walters, supra, in 1970 (prior to the Kirby case) and arguments comparable to those now presented were rejected.
As to the alleged lack of investigation by defense counsel, the trial court found that: "He was represented by the Public Defender's office at the preliminary hearing, arraignment, all court appearances after that, and at the trial in Circuit Court * * * Concerning the investigation, Petitioner [appellant] offers only his conclusion that none was made, and can point to nothing which more investigation would have produced, or how that would have affected the trial."
Claimed ineffectiveness of counsel is also based on his failure to request the court to declare a mistrial because the prosecuting attorney was seen by appellant coming from the jury room during a recess. The judge at the original trial testified that the jury was never in the room that appellant observed and the complaint was rejected.
Third, it is argued that misconduct of the prosecuting attorney denied appellant a fair trial. Mingling with the jury is again alleged, but the finding under point two establishes lack of merit in this contention. References were made to a tattoo on the arm of one of the robbers, and it is contended this "mislead the jury into believing appellant had a tattoo on his arm." The evidence established that it was on the companion of appellant and was part of the factual setting established by one of the victims. The complaint is totally without merit.
It is contended that too many officers, involved in the arrest on the street, were called to testify and thus the jury was overly convinced. Such a complaint would be tenuous at best, and in this case it is totally inapplicable. Appellant by his alibi witness sought to show that he was a passenger in a car which was required to stop because of the confusion when the suspects were being taken from a car in the street; and, that the appellant merely "wandered" into the crowd. Those officers taking part in the removal of appellant from the "getaway" car were necessary to establish the state's case and refute the sole defense offered.
Nothing could be gained by quoting further from the findings of the trial court, which are consistent with our review of the record, and we find that such findings are not clearly erroneous.
The judgment is affirmed.
All concur.