STATE of Missouri, Respondent,

v.

Barry F. BURTON, Appellant.

No. 44998.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 25, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied March 17, 1983.

Application to Transfer Denied
April 26, 1983.

George A. Peach, Circuit Atty., St. Louis, John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for appellant.

Scott Richardson, St. Louis, for respondent.

CRIST, Judge.

Barry Burton (defendant) appeals from the judgment entered on jury verdicts convicting him of first degree robbery, § 569.-020, RSMo. 1978, and manslaughter, § 565.-005, RSMo. 1978, for which he was sentenced to concurrent terms of twelve and five years, respectively, with the Department of Corrections. Defendant does not challenge the sufficiency of the evidence to support his convictions. Rather, he contends his in-court identification by the robbery victim was the product of an unnecessarily suggestive pretrial lineup, and that the trial court erred when it denied defendant's pretrial and trial motions to suppress the victim's identification testimony. We find no error. Defendant's convictions are affirmed.

Defendant claims he was identified by the robbery victim because, when the five-man lineup was conducted, he was forced to stand next to one Stepforn Vincent, whom the victim had identified earlier that day at another lineup as defendant's confederate in the crimes. The police officer who conducted the lineup contradicted defendant's claim of coercion (he testified defendant stood next to Vincent voluntarily). It is a factual dispute we needn't resolve. We held in *State v. Csolak,* 571 S.W.2d 118, 123–24 (Mo.App.1978):

> "Even if lineup procedures are suggestive ... identification testimony by a witness is admissible if there exists an independent source for the identification.
>
>     \*    \*    \*    \*    \*    \*
>
> The factors the court must examine to isolate an independent basis for identification are set out in *Neil v. Biggers,* [409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972), and include]:
>
> '[T]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' "

We view the evidence in the light most favorable to the verdicts and disregard contrary evidence and the inferences that might be drawn therefrom. *State v. Jones,* 528 S.W.2d 14, 15 (Mo.App.1975). The crimes occurred about 11:30 p.m. one night in early March, 1981, while the robbery victim, a middle-aged woman, was walking home along a well-lighted St. Louis city street from a neighborhood market. Defendant and Vincent, without masks and the latter armed with a pistol, ran up behind her, and as she turned around toward them Vincent snatched her purse and defendant ordered her to "give it up, bitch." The victim, frightened, stood stone-still and face-to-face with defendant for the next several minutes while defendant groped inside her brassiere for money with one hand (she had secreted fifty dollars there, which defendant took) and with the other rifled

her pockets. Vincent meanwhile kept the gun trained on the victim while he rummaged through her purse. It was when Vincent threatened to "pop" her if she didn't yield more money that the victim broke loose from defendant and ran to safety. Defendant started to pursue her but was called back by Vincent, and the victim hid in some nearby bushes. It was from her hiding place that the victim saw Vincent and defendant wrestling on the sidewalk with a third man, scarcely fifteen feet away. She heard two shots and the robbers fled, leaving behind them their homicide victim dying from a bullet wound in his chest.

The lineups were conducted five days later. The victim identified her attackers immediately and unequivocally, and she remained steadfast in her identification of defendant up through his trial. The basis for her identification was cogently stated at trial: "Well, when somebody's going down in your boobs and scratching and tearing your clothes, you never forget."

We are satisfied that under the "totality of the circumstances," *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967), the victim's identification of defendant was reliable, and we find no substantial likelihood of misidentification. The victim's identification testimony was properly allowed to go to the jury.

Affirmed.

CRANDALL, P.J., and REINHARD, J., concur.