John W. WALSTER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 54042.

Supreme Court of Missouri,
Division No. 1.

March 10, 1969.

1

Shaw, Hanks & Bornschein, by Joseph Howlett, Clayton, for movant-appellant.

Norman H. Anderson, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Presiding Judge.

John W. Walster, hereinafter referred to as movant, appeals from a judgment overruling his motion to vacate and set aside his sentence and his plea of guilty. Sup. Ct. Rules 27.25 and 27.26, V.A.M.R. We affirm.

Movant, and others as codefendants, were charged by information with stealing property of a value in excess of $50. Sections 560.156 and 560.161, subd. 1(2).[1] A severance was granted at movant's request and on March 31, 1967, the state filed an amended information charging movant alone with the same offense; on the same day movant appeared with counsel of his own choice and entered a plea of guilty. The court accepted the plea, deferred sentencing, and granted movant probation. Thereafter, on August 29, 1967, movant appeared with other counsel of his choice for the purpose of a hearing to determine whether his probation should be revoked. At the close of that hearing his probation was revoked, allocution granted, and movant sentenced to imprisonment in the custody of the Department of Corrections for a term of four years.

Thereafter, on May 14, 1968, a hearing was held by the court on the instant motion to vacate at which movant appeared in person with counsel of his choice and presented evidence in support of the motion. The matter was taken under advisement, briefs submitted by counsel, and on July 1, 1968, the court made and filed findings of fact and conclusions of law, and entered judgment overruling the motion. Movant is represented on appeal by the same counsel, who has filed a brief in his behalf.

The scope of our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Sup.Ct. Rule 27.-26(j), V.A.M.R.

Two points are relied on in the brief for reversal. The first is that movant was denied effective assistance of counsel in violation of constitutional rights. The point is not developed or explained in the brief; however, reference to the motion indicates that movant means that counsel was directed by him, but failed, to request leave to withdraw the plea of guilty before the parole revocation hearing began. The record refutes this contention. Movant was represented at the parole revocation hearing by the same counsel representing him at the hearing on this motion. Counsel stated at the latter hearing, and the court found, that before the parole hearing began, he made a request for leave to withdraw the plea of guilty and it was denied.

We conclude that movant means also by the first point that he was denied effective assistance of counsel at the time of his plea of guilty. His motion alleges that his plea was involuntary, because induced by assurance from his counsel that if he would plead guilty he would be granted "two years' probation." He supports this allegation with his testimony that counsel represented to him, and he believed, that if he would enter a plea of guilty he would be sentenced and granted a parole, or that sentence would be deferred and he would be granted probation, but, in either event, upon breach of parole or probation, the punishment would be a sentence of two years, and no more. No other person testified, pro or con, on this question. Obviously, the court did not believe this part of movant's testimony.

The trial court, as the trier of the facts, may believe or disbelieve all or any part of a witness' testimony; it is in a

1. All section references are to Revised Statutes of Missouri, 1959, and V.A.M.S.

far better position than this court to judge the credibility of a witness and, on review, we will give due regard to the trial judge's opportunity to hear the witness and observe his manner and demeanor on the stand, and will defer to his determination of credibility unless it clearly and convincingly appears that he has abused his discretion. That court may also decide the fact issue presented by this ground of the motion upon its disbelief of the uncontradicted testimony of movant. Thus, the effect of this determination of credibility upon the fact issue is that movant, upon whom rests the burden of proving his grounds for relief,[2] has failed to sustain that burden and the relief he prays may be denied. We may not say in this case that the court has abused its discretion.

The second point relied on is that the amended information was fatally defective in that it was not subscribed and sworn to by the prosecuting attorney, or filed, until after movant had entered his plea of guilty; that therefore there was a complete absence of a formal accusation, the plea was void, and the court without jurisdiction to impose sentence. The record shows, and the court found, that although the clerk's jurat bears the date August 29, 1967, the amended information was in fact subscribed and sworn to by the prosecuting attorney before the circuit clerk, marked filed and filed with leave, and a copy thereof delivered to counsel for movant, all on March 31, 1967, before movant entered his plea of guilty; that the date shown in the jurat is a clerical error and did not reflect the true date on which the information was sworn to and filed.

 This court has held repeatedly that deficiencies in an information, such as the failure of the state's attorney to sign and verify the information or the clerk's failure to sign the jurat, may be waived, and that the information will be treated as valid if the accused does not attack it by a motion to quash; that such mere formal defects are waived by proceeding to trial without objection. State v. Taylor, 362 Mo. 676, 243 S.W.2d 301, 303 [4, 5]; State v. Jordan, Mo., 102 S.W.2d 575 [1–3]. The erroneous date appearing in the clerk's jurat did not affect the validity of this information or the court's jurisdiction.

The findings, conclusions and judgment of the trial court are not erroneous.

The judgment is affirmed.

All concur.

---

2. Subparagraph (f) of S.Ct. Rule 27.26, V.A.M.R.