Elmer Eugene LEE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 55345.

Supreme Court of Missouri,
Division No. 2.

Dec. 14, 1970.

Karl W. Blanchard, Joplin, court appointed, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

On September 7, 1961, appellant entered a plea of guilty to a charge of murder in the first degree, and the trial court imposed a sentence of life imprisonment. Proceeding under S.Ct. Rule 27.26, V.A.M.R., he

moved to have the judgment and sentence vacated. After an evidentiary hearing, relief was denied and this appeal followed.

Appellant was on August 24, 1961, formally charged with the murder of his ex-wife on or about June 5, 1959. While confined in the jail of Jasper County on another charge (burglary and stealing), it appears that he signed a confession that while with his ex-wife she had accused him of having an improper relationship with their thirteen year old daughter; that an argument ensued and he strangled her with a piece of wire; that he wrapped her in a blanket; that after finding a shovel, he dug a grave and buried her body along the bank of Shoal Creek in Newton County. Immediately after the confession, the body was recovered.

In the instant appeal, three points are presented: (1) the plea of guilty is open to collateral attack, (2) the confession obtained from movant (appellant) was involuntary, and (3) the plea of guilty was involuntary because it was motivated by the coerced confession.

Such facts as are necessary to consider the points submitted will be detailed. On August 8, 1961, appellant appeared for arraignment, and as shown by the record, the following transpired:

The court: Now it is my understanding that you have requested the Prosecuting Attorney and the Sheriff to bring you into Court and be arraigned at this time, is that right?

The defendant: Yes, sir.

* * * * * *

The court: Do you have an attorney to represent you?

The defendant: No, sir.

* * * * * *

The court: Do you want the Court to appoint you an attorney?

The defendant: If you like.

The court: The court will appoint Mr. Emerson Foulke and Mr. Max Patten, two attorneys, to represent you and it is my understanding that you have indicated that you wanted to enter a plea of one kind or another to this case. The Court will not receive a plea at this time. I want you to have an opportunity to talk with the two attorneys who are not only capable lawyers, but they are experienced * * *.

Omitted portions of the record further justify present counsel's comment that, "I am not claiming that the Court didn't advise him of his rights."

As to entry of the plea on September 7, 1961, the record reflects:

The court: Let the record show that the defendant is in the courtroom with his two attorneys appointed by the court, Max Patten and Emerson Foulke, and the Prosecuting Attorney is present. Now, Mr. Lee, since a week ago today, I appointed two attorneys, Mr. Emerson Foulke and Mr. Max Patten. Have you discussed your case with the two attorneys?

The defendant: Yes, sir.

The court: And you fully understand that you are entitled to a trial by jury in this case?

The defendant: Yes, sir.

The court: You understand, as the Court advised you last time, that this is a charge of murder in the first degree and that there are only two punishments, one is life imprisonment and the other is death, and your attorneys have explained that to you, have they?

The defendant: Yes, sir.

The court: And you understand that fully?

The defendant: Yes, sir.

* * * * * *

The court: Are you ready to plead at this time?

The defendant: Yes.

The court: How do you want to plead?

The defendant: Guilty.

The court: Do the attorneys concur in that plea?

Mr. Foulke: Yes. He has told us that that is what he wanted to do and it's his own decision and we have fully advised him as to the nature of the plea and the possible consequences.

The court: And you feel that he fully understands?

Mr. Foulke: We are certain he does.

At the evidentiary hearing on the 27.26 motion appellant was asked if his signature was on the confession, and he replied: "I couldn't swear it is, because I don't remember signing it." He further indicated "I don't remember" the first appearance before the trial court, the appointment of lawyers or the entry of the guilty plea. When questioned further, the answer was: "To the best of my knowledge, yes, I did. I just don't remember now, but according to the circumstances, I must have, but I don't remember it. I'll be truthful with you." When asked if he had consulted with the two attorneys, he replied: "Judge, you've got me. I don't remember. I just don't remember. I remember talking to the two attorneys two times back here, and that's all * * *." In contrast, appellant recalled vividly events leading to the confession and testified in detail how it had been coerced from him by physical abuse and long questioning.

In response, the state offered testimony of the law enforcement officials involved. All denied emphatically that appellant had been abused in any manner. They did agree that they, on several occasions late at night, had interrogated appellant reference the whereabouts of his ex-wife while he was in jail on the burglary and stealing charge. Both Mr. Patten and Mr. Foulke testified they had conferred with appellant as to whether or not his confession had been voluntary, and that he never mentioned any physical abuse or suggested in any manner that it had been given other than voluntarily, and that "he [Lee] insisted that he wanted to enter a plea of guilty."

The finding of the trial judge was that he disbelieved the testimony of appellant, and "The court further finds that defendant was fully informed of all of his constitutional and legal rights and that the statement or confession made was made voluntarily, and further that defendant voluntarily entered his plea of guilty because he was actually guilty of the crime of murder in the first degree and not because of the confession * * *."

In reviewing a post-conviction proceeding, we are to determine only if the findings and judgment of the trial court are clearly erroneous. S.Ct. Rule 27.26(j). While so doing, we must recognize that it is within the province of the trial court to determine credibility of witnesses and accord such weight to their testimony as is deemed proper. Walster v. State, Mo., 438 S.W.2d 1.

Nevertheless, after noting the trial court found the confession to have been made voluntarily, we will, in order to give consideration to the precise issue submitted by appellant, assume for the moment that the confession was in fact coerced.

It would serve no useful purpose to review the many cases wherein this and other appellate courts have considered the exact issue. This for the reason we have the guidance of the recent opinion of the Supreme Court of the United States in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), that is directly in point. On the precise issue, the court said:

"The principal issue before us is whether and to what extent an otherwise valid

guilty plea may be impeached in collateral proceedings by assertions or proof that the plea was motivated by a prior coerced confession.

\* \* \* \* \* \*

"The issue on which we differ with the Court of Appeals arises in those situations involving the *counselled defendant* who allegedly would put the State to its proof if there was a substantial enough chance of acquittal, *who would do so except for a prior confession* which might be offered against him, and who because of the confession decides to plead guilty to save himself the expense and agony of a trial and perhaps also to minimize the penalty which might be imposed. After conviction on such a plea, is a defendant entitled to a hearing, and to relief if his factual claims are accepted, when his petition for habeas corpus alleges that his confession was in fact coerced and that it motivated his plea? We think not if he alleges and proves no more than this. \* \* \* As we have previously set out, a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was *incompetently advised by his attorney*." (Emphasis added.)

We need not consider the rationale of Turley v. Swenson (W.D.Mo.), 314 F.Supp. 1304, for the reason there is no contention that appellant was not "properly counselled" by appointed counsel prior to entry of the guilty plea. Nevertheless, we do note that two experienced criminal lawyers accepted appointment, consulted with appellant, alerted themselves to the facts, and after a week of reflection on the possibilities appeared with appellant to enter a guilty plea. "In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case," and " \* \* \* he [appellant] is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not,

after all, a knowing and intelligent act." McMann v. Richardson, supra.

The judgment of the trial court is not erroneous and is therefore affirmed.

All of the Judges concur.