**William Shane HAND, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 56175.**

Supreme Court of Missouri,
Division No. 2.

Nov. 8, 1971.

Darragh K. Kasakoff, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for movant-appellant; Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

Appellant filed a motion under Rule 27.-26, V.A.M.R., to vacate and set aside a two-year sentence imposed for stealing a motor vehicle. In the motion it was alleged that appellant's guilty plea was involuntarily made as a result of mental coercion, and upon a promise which proved to be false and unfounded. An amended motion was made setting forth that the plea of guilty was not entered in accordance with Rule 25.04, V.A.M.R., requiring all pleas to be made voluntarily and understandingly, which facts the court must determine.

The transcript of the guilty plea shows that on September 16, 1965, appellant appeared with his counsel who stated that the previous plea of not guilty was withdrawn and appellant stated he understood the same, and that he was going to enter a plea of guilty, and that he understood that the court would sentence him to whatever sentence it would feel justified under the evidence. Appellant's counsel made a statement in his behalf before sentence was imposed. On this hearing appellant testified that when he entered his plea he understood that he was doing so; that he saw his attorney about two weeks before the plea and discussed the plea bargaining with him; that his attorney advised him that he did not believe he would receive more than two years; that there were no threats made by the prosecuting attorney or the police officers; and that he realized the significance of the two-year sentence. Appellant claimed that he had been beaten; that he had been told by detectives and a welfare worker that his close friend, Virginia Chapin, would lose her child unless he confessed; that he was told by the prosecuting attorney that if he pleaded guilty the charges against Virginia Chapin would be dropped, for which reason he decided to plead guilty, but the charges against her were not dismissed. When he entered his plea he did not disclose the threats and beatings; he did understand the nature of the charge, answered questions, and knew what the charge was.

The prosecuting attorney testified that he handled the plea, and that he had no conversations with appellant and made no representations to him.

Here, the records show that appellant knew the nature of the proceedings, the charge, and that he could expect a two-year sentence in fact imposed. The record conflicts as to promises by the prosecuting attorney. The court was not required to believe appellant's versions as to what happened. Walster v. State, Mo., 438 S.W.2d 1; Crego v. State, Mo., 447 S.W.2d 550. The judgment is not clearly erroneous under this record. Crosswhite v. State, Mo., 426 S.W.2d 67.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.