**Charles Ray GEREN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56271.**

Supreme Court of Missouri,
Division No. 1.

Dec. 13, 1971.

William E. Gladden, Houston, for Appellant.

John C. Danforth, Atty. Gen., Richard L. Wieler Asst. Atty. Gen., Jefferson City, for Respondent.

HOUSER, Commissioner.

Charles Ray Geren has appealed from a judgment denying his motion filed under Criminal Rule 27.26, V.A.M.R. to vacate a 5-year sentence entered upon a plea of guilty to a charge of burglary.

While being held in Douglas County jail on a felony charge pending in that county appellant asked to see the authorities from Texas County. The Sheriff and Prosecuting Attorney of Texas County visited appellant in the Douglas County jail at two different times. Each officer preliminarily gave appellant his Miranda warnings, following which appellant confessed to two previously unsolved burglaries in Texas County, claimed that he was not guilty of the charges pending against him in Douglas

County and did not want to "go up on a bum rap," but wanted to go to Texas County and there plead guilty to crimes of which he was guilty; that he thought he would get a better deal in Texas County. The Prosecuting Attorney of Texas County filed a complaint on May 8, 1969 charging appellant with burglary and stealing. Released from the Douglas County jail to answer these charges appellant was arraigned in the Magistrate Court of Texas County on May 9, 1969. He waived preliminary hearing and was bound over to circuit court on the same day. On May 12, 1969 Honorable Hubert Lay was appointed as counsel for appellant. Appellant entered a plea of not guilty, for the purpose of gaining time to make bond. Failing to make bond he withdrew his plea of not guilty and entered a plea of guilty to the charge of burglary on July 29, 1969, at which time the prosecuting attorney dismissed the stealing charges.

On January 20, 1970 appellant filed a 27.26 motion. On March 23 Honorable William E. Gladden was appointed as attorney for movant and on July 1, 1970 an evidentiary hearing was held in circuit court. In denying the motion to vacate the court made the following findings of fact, among others:

"The Court finds as a matter of fact that the petitioner freely and voluntarily, and with a proper warning as to his constitutional rights to remain silent, made an open and complete confession to the Sheriff of Texas County, Missouri, while lodged in the Douglas County Jail. Shortly thereafter petitioner freely and voluntarily made a confession to the Prosecuting Attorney of Texas County while in the Douglas County Jail and after being advised of his constitutional right to remain silent. At such meeting the petitioner detailed the break-in and made certain corrections upon the police report which had previously been prepared by the Missouri State Highway Patrol. The Texas County authorities had no knowledge as to the perpetrators of the break-in until the petitioner's first conversation with the Sheriff of Texas County.

"The Court finds that the petitioner was brought to Texas County from Douglas County on May 8, 1969, and taken before the Magistrate Court on May 9, 1969, where he freely and voluntarily waived his right to a preliminary hearing. The Court finds that prior to waiver of the preliminary hearing the petitioner was advised of the function of the preliminary hearing and of his right to have one.

"The Court finds that the petitioner conferred on at least two occasions prior to the entry of his plea with his court-appointed attorney, Hubert Lay. The Court finds that at the time of the entry of his plea of guilty in the Circuit Court of Texas County the petitioner knew the maximum and minimum sentences which could be imposed upon him; that he was being prosecuted under the Missouri Second Offender Act; that he had a right to jury trial; and that the Judge would be the only person who would have authority to set his sentence.

"The Court further finds that the petitioner was not acting under threat, duress or coercion, and that the prosecuting attorney did not make the statement 'You can take five or thirty-five,' or any other statement which would lead the petitioner to believe that he would receive a thirty-five year sentence if he did not plead guilty.

"The Court further finds that petitioner's entry of a plea of guilty was his own idea, and that his original plea of 'not guilty' was changed to a plea of 'guilty,' by his own move and was done with the benefit of advice of counsel. The Court finds that the petitioner's motives for entering a plea of guilty were an apparent impression that he would receive a lighter sentence out of Texas County than in Douglas County, and he desired to take his chances in Texas County rather than Douglas. The Court finds as a matter of fact that the plea of guilty was freely and voluntarily given and with full knowledge of its consequences.

"The Court finds that the petitioner talked with Hubert Lay on at least one prior occasion prior to the date of entry of his plea of guilty, and on the day of his entry of plea of guilty. The Court finds that the plea from 'not guilty' to 'guilty' was the sole idea of the petitioner and did not originate with Hubert Lay. The Court finds that Hubert Lay did not render the appellant ineffective assistance."

In his motion to vacate appellant assigned twenty-four reasons why the conviction and sentence should be vacated. On this appeal all complaints save three have been waived: (1) error in finding that appellant's confessions in the Douglas County jail were voluntary (he claims they were involuntary, induced by duress exerted against him by having been confined in that jail for sixty-four days without being afforded a preliminary hearing on the Douglas County charge); that because of duress his constitutional right to due process of law was violated; (2) error in finding that his plea of guilty was voluntary (he claims the plea was involuntary "because it was induced by the duress of being detained by the authorities for over eighty days and not being afforded a proper hearing during the greater portion of this time"); and (3) error in finding that appellant freely and voluntarily waived his preliminary hearing in Texas County (not having an attorney at time of waiver and having been informed by the magistrate judge that no attorney could be appointed for him).

 There was ample evidence to support the trial court's findings that the confessions were voluntarily given and that the plea was voluntarily entered. Appellant himself testified that the discussions with the sheriff and prosecuting attorney in the Douglas County jail happened at his own instance and request; that he told the sheriff that he wanted to go to Texas County and "get started on his sentence" rather than be sentenced in Douglas County, and told the prosecuting attorney that he wanted to go ahead and "get this over

with in Texas County, as fast as [he] could" (referring to the break-ins in Texas County). There is no pretense that the confessions were made as a result of promises, threats or violence. Appellant concedes that he was given the Miranda warnings. Having invited the conferences and freely discussed the break-ins with the officers it does not lie in his mouth now to claim that his confessions were involuntary. The willing are not injured. Appellant's assigned reason for wanting to be charged with and plead guilty to the Texas County crimes was: "I figured that I was just going to lay in the jail in Douglas County and stay because they wasn't going to give me no preliminary hearing." The trial court considered the motive thus suggested by appellant, but discounted this as a factor by expressly finding that the confessions were made "freely and voluntarily." If appellant subjected himself to the jurisdiction of the Texas County officials and pleaded guilty in Texas County in a desire to bring an end to unnecessarily prolonged detention in Douglas County or to avoid further prosecution in Douglas County, such motive would not be sufficient to show that he involuntarily entered a plea of guilty in Texas County. "Dissatisfaction with a penal condition * * * and a hope that by a guilty plea a different kind of incarceration might be achieved are scarcely factors of involuntariness in a plea." Verdon v. United States, 8 Cir., 296 F.2d 549, 552. Incarceration in "the basement," deprivation of privileges and confinement in crowded quarters were held insufficient duress as motivating factors in entering a plea of guilty in Coleman v. State, Mo.Sup., 473 S.W.2d 692, Division One, 1971. And see Collins v. State, Mo.Sup., 450 S.W.2d 186; Peck v. State, Mo.Sup., 467 S.W.2d 884, 887 [2], and Langdeau v. South Dakota, 8 Cir., 446 F.2d 507, in which postconviction relief based on the contention that conditions of jail servitude induced pleas of guilty was denied, where it was shown that the pleas were otherwise intelligently and knowingly made. Even if the confessions had been illegally obtained and the pro-

longed imprisonment in the Douglas County jail was illegal, these factors would not be sufficient to invalidate a subsequent plea of guilty voluntarily and understandably made. Hamby v. State, Mo.Sup. (en banc), 454 S.W.2d 894, 897 [2, 3]; Maxwell v. State, Mo.Sup., 459 S.W.2d 388, 392 [2]. The evidence strongly supports the trial court's finding that the confessions were voluntarily given and that the plea of guilty was voluntarily entered.

■ Appellant's claim that he did not freely and voluntarily waive his preliminary hearing; that his rights were substantially prejudiced by not having been afforded counsel at the preliminary hearing, is too speculative to afford any basis for relief. State v. Van Regenmorter, Mo.Sup., 465 S.W.2d 613, 618. Appellant relies upon Coleman v. Alabama, 399 U.S. 1, 90 S.Ct 1999, 26 L.Ed.2d 387, in support of his argument that failure to provide counsel at the preliminary hearing violated due process but Coleman v. Alabama was decided more than a year after the preliminary hearing in this matter, and even if applicable to preliminary hearings in Missouri, that case is not applied retroactively in this State. Burgess v. State, Mo.Sup., 466 S.W. 2d 673; State v. Caffey, Mo.Sup., 457 S. W.2d 657. A plea of guilty voluntarily made with understanding of the nature of the charge is conclusive as to guilt and waives all nonjurisdictional, procedural and constitutional infirmities, if any, in any prior stage of the proceeding. Shoemake v. State, Mo.Sup. (en banc), 462 S.W.2d 772, 781 [16]; State v. Brown, Mo.Sup., 449 S.W.2d 664, 666 [4]; Stanfield v. State, Mo.Sup., 442 S.W.2d 521; Turley v. State, Mo.Sup., 439 S.W.2d 521; State v. Pedicord, Mo.Sup., 437 S.W.2d 87; Ford v. United States, 8 Cir., 418 F.2d 855; Cantrell v. United States, 8 Cir., 413 F.2d 629, cert. den. 396 U.S. 947, 90 S.Ct. 391, 24 L.Ed.2d 251.

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.