Charles T. SIMPSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 57358.

Supreme Court of Missouri,
Division No. 2.

Dec. 11, 1972.

HOUSER, Commissioner.

Charles Thomas Simpson has appealed from a judgment denying his motion filed under Criminal Rule 27.26, V.A.M.R. to vacate five-year concurrent sentences entered upon pleas of guilty to burglary and stealing. We have jurisdiction, the notice of appeal having been filed before January 1, 1972. Art. V, §§ 3, 31, Constitution of Missouri, 1945, V.A.M.S.

■ Appellant has briefed seven points on this appeal. Four of the points relate to nonjurisdictional, procedural infirmities alleged to have occurred during the initial stages of appellant's case, before the criminal charges reached circuit court. Those complaints are that the arrest warrant was invalid and that the warrant was illegally served; that after his arrest appellant was illegally transported back and forth between Buchanan and Andrew Counties without valid court orders; that a copy of the arrest warrant was not served upon, read or delivered to appellant for more than ten hours after a request therefor was made and that appellant was illegally incarcerated in the Buchanan County jail. These four points must be ruled against appellant because "[a] plea of guilty voluntarily made with understanding of the nature of the charge is conclusive as to guilt and waives all nonjurisdictional, procedural and constitutional infirmities, if any, in any prior stage of the proceeding." Geren v. State, Mo.Sup., 473 S.W.2d 704, 707[3].

■ The question of the voluntariness of the plea is raised. Specifically, appellant claims that he was unconstitutionally led and induced to incriminate himself by making a confession and entering a plea of guilty in reliance and as a result of false representations and assurances that he would be extended leniency; that it would go easier for him if he pleaded guilty, and that probation would be extended to him; that he was intimidated to give answers in connection with a plea of guilty which were not his own but as directed by an at-

Harold L. Miller, Maysville, for appellant.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

torney. The testimony of appellant and his relatives supports this contention. The trial court, however, was not required to and did not believe this testimony. Instead, the trial court accepted that of the police officers, which was to the contrary. Furthermore, the transcript of the proceedings at which appellant pleaded guilty plainly shows a denial by appellant that any promises had been made to him to induce him to plead guilty; that nobody, including his parents, attorneys, police officers or the prosecuting attorney, promised him anything to get him to enter the plea, but that he did so "freely and voluntarily" because he was guilty. Under the testimony of the police officers and appellant's own statements to the court the finding on this issue was not clearly erroneous. Evans v. State, Mo.Sup., 477 S.W.2d 94, 97[3].

A review of the record of the proceedings at the time the pleas were entered demonstrates clearly that they were made voluntarily with understanding of the nature of the charge, sufficient "to insulate the plea[s] from subsequent attack in collateral proceedings." State of Missouri v. Turley, 8 Cir., 443 F.2d 1313, 1318; Boykin v. Alabama, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274; Colbert v. State, Mo.Sup., 486 S.W.2d 219 (decided by Division Two, November 13, 1972).

■ Appellant makes the point that he was sentenced in the absence of his counsel. The record of the proceedings March 12, 1969, at which the pleas were entered, contradicts this contention. It shows that defendant appeared in person and by his attorneys, Messrs. Robert Hickman and Neal Sawyer of Kansas City. The record further shows that Mr. Sawyer made an impressive plea for a bench parole for appellant and his confederate, who pleaded guilty to the same charges at the same time. In paragraphs 15 and 16 of his motion to vacate appellant certified under oath that he was represented by counsel at

his sentencing, naming Neal Sawyer and Robert Hickman as his lawyers. The trial court's finding against appellant on this issue is not erroneous.

■ Finally, appellant asserts a denial of his constitutional right to a speedy trial and deprivation of due process because of the nearly 16-month lapse of time between the filing, hearing and decision of this 27.26 motion. The Sixth Amendment provision relating to speedy trial and that of the Constitution of Missouri, 1945 [Art. I, § 18(a)] refer to criminal prosecutions. Motions under Criminal Rule 27.26 are in the nature of independent civil proceedings or actions instituted for the purpose of inquiry into the validity of convictions. They are not criminal proceedings. State v. Davis, Mo.Sup., 438 S.W.2d 232; State v. Smith, Mo.Sup., 324 S.W.2d 707. The constitutional provisions invoked are inapplicable to 27.26 motions. Furthermore, appellant has little cause for complaint on the ground of delay. The record shows that much of the delay was occasioned by appellant's actions in filing numerous time-consuming motions and requests, including a petition to disqualify the second judge in the case; amendments to his 27.26 motion on several occasions before the hearing; a motion that no attorney be appointed to conduct the proceedings for him and that the attorney appointed be disqualified as his counsel; a request for immediate release and an amendment to his motion following the hearing.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and EDWARDS, Special Judge, concur.