Ronald BROWN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 35119.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 15, 1973.

Lewis, Rice, Tucker, Allen & Chubb, John T. Berger, Jr., Michael J. Tannler and Michael D. Mulligan, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Richard G. Altobelli, Asst. Circuit Atty., St. Louis, for respondent.

SIMEONE, Judge.

This is an appeal from an order of the Circuit Court of the City of St. Louis entered after an evidentiary hearing overruling movant-appellant's motion made under Rule 27.26, V.A.M.R., to vacate a judgment and sentence, imposed upon a plea of guilty, for the offense of robbery in the first degree with a dangerous and deadly weapon.

On February 11, 1971, during the second day of the trial, movant pleaded guilty to the charge and was sentenced to six years imprisonment. On September 23, 1971, he filed his motion to vacate which was later amended. Hearing was held on January 21, 1972. His motion alleged: 1) ineffective assistance of counsel in several respects; 2) the failure of the police to advise him of his rights; and 3) that his plea was coerced by the prosecutor and his counsel and was made under anguish and duress.

At the evidentiary hearing appellant testified that he was arrested on July 3, 1970, and on two occasions was placed in a lineup. He said that he was not advised of his rights to remain silent or to have counsel appointed. On the second occasion he was identified as a participant in the robbery which took place on May 30, 1970. He admitted that prior to trial his court-appointed attorney explained the nature of the charge and the range of punishment.

When arrested, the police found a sawed-off shotgun which was apparently in the car. Appellant requested his attorney to file a motion to suppress this physical evidence, but was told "he couldn't do it." He also requested counsel to suppress the lineup identification.

Appellant saw his attorney and consulted with him "about three" times, between fifteen to thirty minutes each time. He advised counsel that he had witnesses who would indicate his whereabouts on the day the robbery took place, but he did not see his witnesses at the trial. During the trial the gun was brought into the courtroom.

Sometime during the state's case the appellant brought up the subject of changing his plea, and spoke to counsel about it. Appellant testified that counsel told him he would possibly "get five years" and that he would try to get him in a drug program or he might get 25 years if he was convicted upon trial. He testified that he was trying to find "the quickest way home." He discussed the plea with his sister who said that he would probably get out a lot quicker. Appellant decided to change his plea when he talked to his sister and counsel. He admitted he made his own decision. When asked about his right to appeal if he went to trial, he said he was informed by the judge that he would have such right.

Appellant changed his plea because he was dissatisfied with his attorney, because it would take time to "fight it to come back to Court" and because "they would bring in evidence in the Court that they weren't supposed to bring."

Appellant's court-appointed attorney testified that he met with appellant three to six times prior to trial. After learning about the witnesses, he contacted one of them and spoke to him about seven times. He contacted one of appellant's witnesses and discussed the case with him, and spoke to the other two witnesses on the telephone about it. All agreed to testify.

The attorney did not make a motion to suppress the lineup identification because it appeared to him, after some investigation, that appellant had been given his rights, so it seemed to him that "this was not a fruitful line to continue." Based on his best judgment, he thought that the suppression of the lineup identification would have

been fruitless. The attorney did not move to suppress the physical evidence because, as he stated, ". . . we'd be better off letting the prosecutor bring that sawed-off shotgun in the room, try to get it into evidence and, frankly, I was going to hit the prosecutor in the head with it, because they couldn't tie it up." Counsel was told several times that appellant wanted different counsel so he tried to be relieved of his appointment, but the court would not do so.

Counsel also testified that during the trial appellant sent word that he wanted to speak to him, and then informed him that he wanted to plead guilty. Counsel informed appellant that if he did, an appeal would not lie, and that if he did "You've lost everything and you could possibly walk out of here a free man today." Counsel also informed appellant that if he pleaded guilty to a six-year sentence which was offered, and if the judge agreed, he could be allowed jail time which would then make his sentence "five years and some odd months." The attorney also testified that appellant told him he did not want the witnesses to testify; he wanted to testify himself.

After the hearing the court made findings of fact and conclusions of law. The findings recited that the only triable issues raised dealt essentially with the aspect of ineffective assistance of counsel. The court found that "A reading of the transcript of the plea of guilty will demonstrate the lack of merit in this contention." The court concluded:

> "It is absolutely clear to this Court, and this Court so finds beyond a reasonable doubt that the plea of guilty entered in this cause was knowingly, voluntarily, and intelligently made, and that not one of Movant's constitutional rights were [sic] violated or infringed upon. The Court finds beyond all doubt that Movant did have effective assistance of counsel, and became disenchanted herein only after being sent to the penitentiary."

Appellant makes four points on this appeal. He contends that the trial court erred in overruling his motion and in failing to find that:

1. He was inadequately represented by counsel prior to and at the entry of his plea of guilty in that trial counsel;

a. made an inadequate investigation of the facts to determine whether or not defenses were available to him;

b. failed to advise appellant of his legal rights should he proceed to trial and plead not guilty;

c. failed to advise him of his right to file a motion to suppress the testimony of a witness who identified him in an improper lineup;

d. failed to advise him of his right to file a motion to suppress physical evidence in the custody of the prosecutor;

e. failed to advise him of his right to seek a mistrial as a result of the prosecutor bringing the physical evidence into the courtroom; and

f. failed to subpoena his alibi witnesses.

2. The police did not advise him of his rights to remain silent and to counsel at the time of his arrest and his participation in the two lineups.

3. His plea was involuntary because it was entered under anguish and duress.

4. The court erred in failing to make findings of fact and conclusions of law on all issues presented as required by Rule 27.26(i).

A motion filed under Rule 27.26 is an independent civil action which is governed, insofar as applicable, by the Rules of Civil Procedure. Rule 27.26(a). In a 27.26 proceeding the burden of establishing grounds for relief must be established by a preponderance of the evidence. Beach v. State, 488 S.W.2d 652, 656 (Mo.1972); State v. Davis, 438 S.W.2d 232, 234 (Mo.

**694**

1969). Upon our review of the judgment of the trial court we are limited to a determination of whether the findings, conclusions and judgment of the trial court are "clearly erroneous."[1] Rule 27.26(j); Crosswhite v. State, 426 S.W.2d 67, 70 (Mo.1968); Walster v. State, 438 S.W.2d 1, 2 (Mo.1969); Shoemake v. State, 462 S.W.2d 772, 775 (Mo. banc 1971). We are required to give due regard to the trial judge's opportunity to hear the witnesses and to defer to his determination of credibility unless it clearly and convincingly appears that he has abused his discretion. Walster, *supra*. For a full discussion of post-conviction relief see Anderson, Post-Conviction Relief in Missouri—Five Years Under Amended Rule 27.26, 38 Mo.L.Rev. 1 (1973).

■ Under all these principles we are convinced, after examining the complete transcript of the record, including the transcript of the plea of guilty, and the briefs, that the trial court did not err in overruling the appellant's motion to vacate sentence.

■ It is unnecessary to detail each point respecting the allegations of ineffective counsel. Counsel is vested with broad latitude in the conduct of the defense and he is not to be adjudged incompetent because of errors of judgment. Mere errors, omissions, or mistakes do not establish a lack of effective representation. Trial strategy is an inadequate basis for an attack on the competency of counsel. State v. Wilkinson, 423 S.W.2d 693, 696–697 (Mo.1968).

Numerous phrases have been used to measure the ineffectiveness of counsel's conduct. Gaitan v. State, 464 S.W.2d 33, 36 (Mo.1971); Garton v. State, 454 S.W.2d 522, 530 (Mo.1970), ("farce or a mockery of justice"); State v. Caffey, 457 S.

W.2d 657, 662 (Mo.1970), ("so woefully inadequate as to shock the conscience"); Holbert v. State, 439 S.W.2d 507, 509 (Mo.1969), (be a breach of his legal duty faithfully to represent his client); McQueen v. State, 475 S.W.2d 111, 116 (Mo. banc 1971), ("whether there has been such failure on the part of the attorney that defendant has not had a fair trial"). See Annot., 74 A.L.R.2d 1390 (1960). But under any of the tests it is clear that trial counsel cannot be said to be "ineffective". The allegations of ineffectiveness are either unproven by the record, constitute matters of trial strategy or are matters of credibility. The trial court found that appellant's contentions concerning counsel's ineffectiveness lacked merit. We are bound by that determination unless it is clearly erroneous. We do not find it so.

■ Furthermore, it is the general principle that once a guilty plea is entered the determination of adequacy of representation is immaterial except to the extent that counsel's incompetence bears on the issues of voluntariness and understanding. Barylski v. State, 473 S.W.2d 399, 402 (Mo. 1971); Hulett v. State, 473 S.W.2d 410, 411 (Mo.1971); Lee v. State, 460 S.W.2d 564, 567 (Mo.1970).

■ The appellant admitted in his testimony that he brought up the subject of changing his plea and that it was his own decision. Since we find that his plea was voluntarily and understandingly made, the allegations of inadequacy are immaterial. An examination of the transcript of the plea shows that his plea was "my own doing."

■ Appellant's second contention, that the court erred in not finding that the police failed to advise him of his rights at the time of his arrest and participation in lineups, is also without merit. While not

[1]  " 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Crosswhite, *infra*, 426 S.W.2d at 70–71.

expressly clear from the record, the two lineups took place *prior to an information.* The right to counsel has no application to a lineup conducted prior to the filing of an information. Any lingering doubt has now been settled. State v. Chavez, 483 S.W. 2d 68 (Mo.1972); Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Furthermore, this second contention cannot be sustained for the reason that " '[a] plea of guilty voluntarily made with under-standing of the nature of the charge is conclusive as to guilt and waives all nonjurisdictional, procedural and constitutional infirmities, if any, in any prior stage of the proceeding' . . . " Beach v. State, *supra,* 488 S.W.2d at 654; Geren v. State, 473 S.W.2d 704, 707 (Mo.1971); Simpson v. State, 487 S.W.2d 512, 513 (Mo.1972); State v. Brown, 449 S.W.2d 664, 666 (Mo. 1970); Johnson v. State, 472 S.W.2d 433, 434 (Mo.1971).

Appellant's third point is that the court erred in failing to find that his plea was involuntary because it was entered under anguish and duress and "forced" by the prosecuting attorney and his counsel. This point is also without merit.

■■■ A plea of guilty is a confession in open court. Such a plea should be received with caution and should never be received unless it is freely and voluntarily made. If the defendant is misled, or induced to plead guilty by fraud or mistake, by misapprehension or fear, the plea should be permitted to be withdrawn. State v. Williams, 361 S.W.2d 772, 775 (Mo. banc 1962); Drew v. State, 436 S.W. 2d 727, 729 (Mo.1969); State v. Cochran, 332 Mo. 742, 60 S.W.2d 1, 2 (1933); State v. Rose, 440 S.W.2d 441, 443 (Mo.1969); Flood v. State, 476 S.W.2d 529, 534 (Mo. 1972).

Appellant contends that "compelling forces" induced him to renounce his effort to prove his innocence. On cross-examination he testified that the reason he changed his plea was because he " . . . did not want to go to Court with this fellow [trial counsel] because I knew that he was not trying to help me and . . . I knew that I was probably going to spend five or six years trying to fight it to come back to Court . . . " and that " . . . they would bring in evidence . . . that shouldn't have been there in the first place if he would have suppressed the Motions [sic] I asked him to suppress, . . . " He also contends that he was offered the prospect of getting into a drug program, and it became apparent that the alibi witnesses were not going to testify, so that the "combined effect" of these factors was to make the plea involuntary.

But is was appellant who brought up the subject of changing his plea; he admitted it was his own decision; he consulted with his sister who was also a witness; he admitted he knew of the nature of the charge and the range of punishment. The record of the plea of guilty introduced as an exhibit shows that the plea was not involuntary.

Appellant has failed to show that his plea was involuntary under the legal tests. The trial court expressly determined that the plea was "knowingly, voluntarily, and intelligently made." The appellant has failed to show the presence of coercion, and the record, by contrast, indicates that the appellant's plea was voluntary.

Appellant has placed misguided reliance on State v. Rose, *supra.* In that case the movant alleged that his plea was involuntary because it was induced and coerced by his attorney with assurances that probation would be granted. Movant was the only one to testify at the hearing and the trial court found the plea to be voluntary. The cause was remanded for an explicit finding on the factual issues. The main reason for the remand was the absence of the movant's attorney at the hearing. There is no evidence here that counsel assured appellant of anything.

The trial court's finding that appellant's plea was voluntary was not clearly erroneous.

Appellant's final contention is that the trial court erred in failing to make findings of fact and conclusions of law on "all issues presented." Rule 27.26(i) provides in part that "The court shall make findings of fact and conclusions of law on all issues presented, . . . ."

Appellant's amended motion to vacate was filed on January 20, 1972, and presented five separate grounds to vacate the conviction and sentence:

a. inadequate representation of counsel in six respects;

b. the police failed to advise him of his constitutional rights;

c. movant was coerced into pleading guilty;

d. movant's guilty plea was involuntary;

e. the court failed to properly determine whether the guilty plea was intelligently and voluntarily made.

Appellant complains that the court dismissed the points "without considering them individually and without discussing the bases for its overruling the motion."

The Rule does not set forth any guidelines as to the extent of the findings, but requires only that findings of fact and conclusions of law be made on all *issues* presented.

▮ Appellant has failed to call our attention to any authority which requires that a second evidentiary hearing be afforded when the findings are alleged to be inadequate. He cites Drew v. State, *supra*. In that case a contention was made that the findings of the trial court were inadequate. The court stated that it would have been desirable that the findings be more detailed but they did dispose of the issues raised and were supported by the evidence introduced.

The trial court's findings here also could have been more detailed and explanatory.

But the court did find that trial counsel was not ineffective, that appellant's plea was "knowingly, voluntarily, and intelligently made, and that not one of Movant's constitutional rights were [sic] violated or infringed upon." While not detailing each of the points raised in the motion, the court did make findings on each of the five grounds presented in the motion.

The record does not clearly show that the appellant has been denied any of the rights to which he is lawfully entitled. The judgment of the trial court, after a full evidentiary hearing, is not clearly erroneous. Hence, the order and judgment of the trial court denying appellant's motion to vacate are affirmed.

SMITH, P. J., and KELLY, J., concur.