

# In the Missouri Court of Appeals Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112279 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 2122-CR01657-01 |
| | ) | |
| MONTE E. RICHIE, | ) | Honorable Joseph P. Whyte |
| | ) | |
| Respondent. | ) | Filed: May 6, 2025 |

Before James M. Dowd, P.J., Angela T. Quigless, J., and Cristian M. Stevens, J.

## OPINION

A high-speed police pursuit - starting in Granite City, Illinois, speeding across the Mississippi River bridge into Missouri, and ending in a crash in the City of St. Louis - gave rise to this case. Monte Ritchie, the fleeing subject and appellant here, directly appeals his conviction following a guilty plea to resisting arrest.[1] Ritchie claims the plea court erred in overruling his motion to dismiss which asserted the indictment was insufficient to charge that crime because the pursuing and arresting officer was not a *Missouri* law enforcement officer.

Because Ritchie pleaded guilty, he waived his claim that the Granite City officer was not a "law enforcement officer" within the purview of Missouri's resisting arrest statute, section

---

[1] Ritchie also pleaded guilty to the leaving-the-scene count but he does not challenge that conviction here.

575.150.[2] As such, we exercise only *limited* review of the sufficiency of the charging document. *State v. Russell*, 598 S.W.3d 133, 139 (Mo. banc 2020).

Finding the indictment to be sufficient, we affirm.

## Background

As Granite City, Illinois Police Officer C.B.[3] patrolled the streets of that city on November 5, 2021, he ran Ritchie's vehicle's license plate through the department's records. The search results connected the vehicle to a "wanted" on a prior aggravated battery involving a deadly weapon. Officer C.B. then sought to stop Ritchie in order to further investigate. Ritchie fled. The pursuit crossed the bridge into the City of St. Louis where Ritchie crashed near Cass Street and North Jefferson Avenue. The pursuing Granite City officers including Officer C.B. apprehended Ritchie and transported him to St. Louis University Hospital.

In January 2022, the State indicted Ritchie on one count of resisting a lawful stop and one count of leaving the scene of an accident, both class E felonies under Sections 575.150 and 577.060, respectively.

In September 2023, Ritchie moved under Rule 24.04(b)[4] to dismiss the resisting count claiming the indictment did not sufficiently plead that offense under Missouri law. Ritchie argued that since the arresting officer was not from Missouri, he was not a "law enforcement officer" as that term is used in Missouri's resisting statute, and as such, the indictment was fatally defective warranting dismissal. For its part, the State argued that the fresh pursuit statute,

---

[2] All statutory references are to the Revised Statutes of Missouri (2016) unless otherwise stated.
[3] The personal identifying information of witnesses has been omitted pursuant to RSMo § 509.520 (Supp. 2023).
[4] All rule references are to the Missouri Supreme Court Rules (2023).

2

section 544.155, authorized Officer C.B. to continue the pursuit into Missouri and to effectuate the arrest in Missouri.

At the September 28, 2023 hearing on the motion, Ritchie's plea counsel argued the fresh pursuit statute did not apply because Officer C.B. was not in "fresh pursuit" in that he did not witness Ritchie commit a felony, as required by section 544.155, only that his vehicle was associated with a past felony.

On December 21, 2023, while the court still had the motion to dismiss under submission, Ritchie pleaded guilty to the resisting charge. His counsel stated on the record that Ritchie was pleading guilty "contingent upon his continued and renewed argument that the allegations fail to state the offense of resisting arrest . . ." During the plea colloquy, Ritchie acknowledged the offense to which he was pleading guilty and the rights his guilty plea was waiving, including his right to directly appeal the conviction resulting from the plea. Near the end of the colloquy, the court reaffirmed with Ritchie that he understood he was giving up his right to claim in an appeal that he was not guilty of the offense. The court acknowledged "that there was going to be an appeal as to one count."

The court denied the motion to dismiss and then accepted Ritchie's guilty plea finding a factual basis supported the charges against him. The court sentenced Ritchie to concurrent sentences of 29 days on each count, with credit for time already served. Because Ritchie had served more than 29 days, the court ordered him discharged.

This appeal follows.

## Standard of Review

A motion to dismiss challenging the sufficiency of an indictment presents a question of law that we review *de novo*. *State v. Anderson*, 232 S.W.2d 909, 912 (Mo. 1950).

3

## Discussion

### *Sufficiency of the Indictment*

The issue before us is whether this indictment sufficiently charged Ritchie with the crime of resisting a lawful stop. We find that it did because it sufficiently alleged the essential elements of the offense. *See State v. Colville*, 687 S.W.3d 637, 639 (Mo. banc 2024).

A charging document is sufficient if it "alleges the essential elements of the offense and clearly apprises the defendant of the facts constituting the offense." *State v. Rohra*, 545 S.W.3d 344, 347 (Mo. banc 2018). (quoting *State v. Barker*, 490 S.W.2d 263, 270 (Mo. App. 1973)). In determining whether a charging document is sufficient, courts are bound by the four corners of the charging document and may not consider any evidence to support the charge and may not find facts. *Colville*, 687 S.W.3d at 639 *but see State v. Metzinger*, 456 S.W.3d 84 (Mo. App. E.D. 2015) (where the trial court permissibly reached outside of the four corners of the indictment to review a question of *law*, not a question of *fact*)[5]. So long as the indictment puts the defendant on "notice of the criminal nature and factual foundation of the crime charged," it is sufficient. *Id.* (citing *State v. Isa*, 850 S.W.2d 876, 887 (Mo. banc 1993)).

The charging document here fully advised Ritchie of the offense. The indictment alleged that on November 5, 2021, a law enforcement officer attempted to make a lawful stop of Ritchie's vehicle, that Ritchie knew or reasonably should have known that the officer was attempting to make a lawful stop, and that Ritchie, for the purpose of preventing the stop,

---

[5] In its brief, the State contends that the Missouri Supreme Court's holding in *Colville* prohibits the trial court from *ever* reaching outside the four corners of a charging document on a motion to dismiss. *Colville* does not support this argument, it simply reaffirmed that a court may not consider *evidence* outside the charging document, but it may consider questions of law. *Colville*, 687 S.W.3d at 641 n. 7.

4

resisted by fleeing in a manner that created a substantial risk of serious physical injury or death by causing an accident.

Those allegations are sufficient to charge Ritchie with resisting arrest under section 575.150 because they fairly apprise him of the charge against him and are supported with factual allegations as *Colville* requires. And Ritchie has not challenged any of the factual allegations lodged against him. In fact, during the plea colloquy, Ritchie admitted to those facts and the trial court found a sufficient factual basis to support the guilty plea.

Instead, Ritchie makes the legal argument that the trial court improperly construed the phrase "law enforcement officer" in section 556.061(32) to include the Granite City, Illinois police officer against whom Ritchie resisted arrest by fleeing from Illinois into Missouri. While the trial court considered and rejected this argument when it denied Ritchie's motion to dismiss, we need not reach the issue because Ritchie's guilty plea to the offense waived this argument.

## *Waiver by Guilty Plea*

Ritchie waived his statutory arguments that Officer C.B. was not a "law enforcement officer" engaged in a "fresh pursuit" as those phrases are used in section 575.150 and section 544.155 and waived his argument that the allegations were not supported by a sufficient factual basis. *Russell*, 598 S.W.3d at 138.

A guilty plea serves as a waiver of most non-jurisdictional errors that occurred prior to its entry, including constitutional challenges. *See, e.g., Geren v. State*, 473 S.W.2d 704, 707 (Mo. 1971). By way of example, we look to our high court's decision in *State v. Craig*, 287 S.W.3d 676, 680 (Mo. banc 2009). There, the plea court engaged in a lengthy colloquy with the defendant who admitted to facts establishing his guilt of *misdemeanor* driving while intoxicated (DWI) but was unwilling to admit that it was a *felony* offense. *Id.* at 677. The defendant

5

requested that the proceeding be bifurcated so that he could plead guilty to the misdemeanor offense but still challenge on appeal the State's assertion that his sentence was subject to the felony enhancement. *Id.* The court allowed this bifurcation and after a hearing, the circuit court concluded that the defendant was guilty of felony DWI. *Id.*

The Supreme Court held that Craig did not waive his right to appeal that finding because he did not plead guilty to the felony offense. *Id.* at 680. The Court discussed Rule 24.035 and the broad waiver implications of guilty pleas concluding that "a guilty plea serves as a waiver of any challenge to the merits of the underlying conviction." *Id.* at 679. "This principle of waiver is especially true and binding against a defendant whose plea is accepted because of the colloquy of questions plea courts undertake to ensure that the defendant is guilty of the crime and is knowingly and voluntarily waiving his right to trial." *Id.* (citing Rule 24.02).

But Ritchie's guilty plea is unlike *Craig's*. Ritchie pleaded guilty to the charged offense in its entirety and there was no lesser or different offense involved as in *Craig*. To preserve his statutory arguments, Ritchie could have pleaded not guilty. Simply put, Missouri law does not permit a criminal defendant to plead guilty and accept a plea offer while simultaneously maintaining an appealable argument as to that conviction.

## Conclusion

For the reasons set forth above, we affirm.

_____
James M. Dowd, Presiding Judge

Cristian M. Stevens, J. and
Angela T. Quigless, J. concur.

6